*H. W. King & C. M. Rice*, for the plaintiff.
*C. C. Milton & D. F. Gay*, for the defendant.

======

MARGARET DOLAN *vs.* MUTUAL RESERVE FUND LIFE ASSOCIATION.

Worcester.    September 29, 1902. — January 7, 1903.

Present: MORTON, LATHROP, BARKER, & LORING, JJ.

*Insurance, Life.*

Former decision in this case affirmed, that, although a policy of life insurance is avoided by a material understatement of age by the assured, under St. 1894, c. 522, § 21, a false statement by the assured as to his age does not avoid the policy unless it is made with intent to deceive or increases the risk.  Now, after a new trial, *held*, that conflicting evidence as to whether the assured made a material understatement of his age properly was left to the jury.

CONTRACT on a policy of insurance on the life of one Farrell Dolan, before the court at a previous stage as reported in 173 Mass. 197.   Writ dated August 10, 1897.

After the exceptions taken by the defendant at the first trial had been sustained by this court, the case was tried again in the Superior Court before *Gaskill*, J., who refused to take the case from the jury or to order a verdict for the defendant.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*V. J. Loring*, for the defendant.
*G. S. Taft*, (*C. M. Rice* with him,) for the plaintiff.

MORTON, J.   This is an action to recover the sum of $2,000 as the beneficiary named in a policy issued by the defendant on the life of her husband.   The date of the policy was October 5, 1894, and the husband died April 17, 1897.   The case has been here before, and is reported in 173 Mass. 197.   The case is here now as it was then on the defendant's exceptions.   Although several exceptions were taken to the rulings of the presiding judge, the only matter which has been argued relates to representations made in the application by the insured as to his age, and to the refusal of the court to order a verdict for the defendant on account of said alleged misrepresentations.   We therefore treat the other exceptions as waived.

The opinion of the court was when the case was here before that upon a policy for life insurance, a material increase of age increased the risk as matter of law.   It was also held that St. 1894, c. 522, § 21, was applicable and that it was immaterial whether a representation as to age was to be regarded as a warranty or not, — if false it did not avoid the policy unless made with intent to deceive or unless it increased the risk.   This disposes of so much of the defendant's brief and arguments as rests on the proposition that the representation is to be regarded as a warranty.

In the application the insured represented his age as fifty-eight, and that he was born in 1836.   Much evidence was introduced by the defendant tending to show that he was born in 1831 or earlier and that he was considerably older than he represented that he was.   But this was controverted by the plaintiff who introduced testimony tending to show that the statement by the insured as to his age was substantially correct.   We do not see how it can be said that the plaintiff's case was supported by only a scintilla of evidence.   The question was one of fact, and it was left to the jury under full and appropriate instructions which directed their attention to the importance of the matter, and in a general way to the evidence on one side and the other.   The jury have settled the question adversely to the defendant and, without going into the evidence in detail, we do not see how it can be said that there was any error on the part of the presiding judge in refusing to take the case from them and direct a verdict for the defendant.

*Exceptions overruled.*