MARIE R. SMARDON *vs*. METROPOLITAN LIFE
INSURANCE COMPANY.

Suffolk.   December 8, 1922. — January 23, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Practice, Civil*, Ordering verdict. *Insurance*, Life. *Evidence*, Presumptions and burden of proof, Judicial notice.

At the trial of an action upon a policy of life insurance issued December 13, 1919, by the beneficiary named therein, the insurer contended that the policy was void because of alleged misrepresentations by the insured in his application for the policy. There was evidence that in June, 1919, the insured was operated upon for removal of diseased glands from his neck; that in December, 1919, he became sick, his neck became swollen in the same place where previously he had been operated upon, the swelling greatly increased and he died on March 4, 1920, of sarcoma of the neck. In the application for insurance which was dated December 8, 1919, the insured in answer to the question, "Have you ever had . . . cancer, tumor?" answered "No" and in

answer to the question, "Have you ever been an inmate of, or have you ever received treatment at an asylum, hospital or sanatorium? If yes, when, how long and for what" answered "Removed gland from neck June 20, 1919 — 2 days — not T. B." There also was uncontradicted medical testimony offered by the defendant, that the deceased was suffering from sarcoma in June, 1919, when he was operated upon, and that it was a malignant disease and not curable; that the wife and daughter of the deceased knew the insured had sarcoma in June and that the wife made a statement as claimant under oath that he died of "sarcoma of the neck." No evidence offered by the plaintiff tended to show that sarcoma was a form of cancer or tumor nor did the plaintiff admit it to be a fact. The judge ordered a verdict for the defendant; and the plaintiff alleged exceptions. *Held,* that

(1) The burden of proving the affirmative defence that the policy was procured by misrepresentations made by the insured with actual intent to deceive, or that the matter misrepresented increased the risk of loss, rested upon the defendant;

(2) The court could not take judicial notice that sarcoma is a form of cancer and it could not be so assumed by the presiding judge;

(3) The question whether sarcoma is a form of cancer or cancerous growth should have been submitted to the jury;

(4) The judge erred in directing a verdict for the defendant.

CONTRACT on a policy of life insurance upon the life of James F. Smardon of Somerville who was the husband of the plaintiff, the beneficiary under the policy. Writ dated July 2, 1920.

In the Superior Court the action was tried before *Morton,* J. Material evidence is described in the opinion. At the close of the evidence by order of the judge, upon motion of the defendant, the jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*F. W. Campbell,* for the plaintiff.

*G. W. Cox,* for the defendant.

CROSBY, J. This is an action of contract brought by the beneficiary named in a life insurance policy issued by the defendant on the life of her husband.

The policy was issued December 13, 1919. The application is dated December 8, 1919, is signed by the applicant and is attached to the policy; in it he declares that his statements and answers therein given to the medical examiner are true. Among other questions and answers are the following: "Have you ever had any of the following? . . . Cancer, tumor?" The answer is "No." "Have you ever been an inmate of, or have you ever received treatment at an asylum, hospital or sanatorium? If yes, when, how long and for what?" The answer is "Removed gland from

neck June 20, 1919 — 2 days — not T. B." At the trial the defendant admitted the issuance of the policy on December 13, 1919, that the premiums were duly paid, and that proofs of death were properly furnished to the defendant. The policy and application were admitted in evidence.

Under St. 1907, c. 576, § 21 (see now G. L. c. 175, § 186), to entitle the defendant to avoid the policy it must appear that representations made by the assured were so made with actual intent to deceive, or that the matter misrepresented increased the risk of loss. Being an affirmative defence, the defendant is bound to prove it to defeat recovery.

Certain diseases, including cancer, are of so serious a nature and so commonly result in shortening life that persons afflicted with them ordinarily, according to present standards of medical science, are not regarded by insurance companies as proper insurable risks. If it be conceded by the beneficiary or is established by satisfactory proof in the case at bar that the insured was suffering from cancer when he made application for the policy, the plaintiff cannot recover.

There was evidence that the insured was operated on at the Eliot Private Hospital, in Boston, in June, 1919, for the removal of diseased glands in his neck; that later, in December, 1919, he became sick, his neck became swollen in the same place where he had been previously operated upon and the swelling greatly increased, and he died on March 4, 1920, of sarcoma of the neck. The plaintiff testified that in June, 1919, her husband had an operation on his neck; that she did not know what was removed from his neck; that she was told by Dr. Hersam, the following December when he was taken sick, that what was taken from his neck was sarcoma, and that the glands that were removed were diseased by reason of sarcoma. She also testified that he was given X-ray treatments by Dr. George and Dr. Leonard, at different times from June to December; that after the operation in June Dr. Hersam discharged him as cured.

She was asked on cross-examination the following: "Q. You did know that your husband was treated by Dr. George and Dr. Leonard — X-ray — and you knew that your husband was surgically operated upon by Dr. Kimpton. A. Yes. Q. You knew at that time that this claimant's statement was made out that

the operation that was had by your husband in June was for the removal of sarcoma from the neck, did n't you?  A. Yes."

The plaintiff also called as a witness her daughter, Myola B. Smardon, who testified, in part, "that she did learn what was the trouble with her father quite a while after he was sent to the hospital; that she learned he had sarcoma of the neck, and that that was what he was operated upon for in the previous June."  There was medical testimony offered by the defendant to the effect that the deceased was suffering from sarcoma in June, 1919, when he was operated upon, and that it was a malignant disease and was not curable.  This testimony was not contradicted by the plaintiff. While the jury could have disbelieved the medical opinions offered by the defendant, we think that, upon the testimony of the plaintiff and her daughter that they knew the insured had sarcoma in June, and the claimant's statement made under oath that he died of "sarcoma of the neck," if no other question was in issue between the parties, the judge was right in directing a verdict for the defendant.

The representation by the insured in his application, that he never had a "cancer or tumor," the defendant contended was untrue and offered medical testimony to show that sarcoma was a form of cancer.  If that testimony were believed by the jury it would have required a verdict for the defendant; but they were not bound to believe the testimony of the surgeons to that effect.

No evidence offered by the plaintiff tended to show that sarcoma was a form of cancer or tumor, nor did she admit it to be a fact.  The court could not take judicial notice that sarcoma is a form of cancer, and it could not be so assumed by the presiding judge.  In *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450, a case recently decided by this court, the issue was whether the insured had a cancer or cancerous growth at the time he applied for a policy of insurance.  And it was there said: "Whether he did or not, therefore, was a question of fact, and ought to have been submitted to the jury.  On the record the evidence appears to be strong that he had that disease.  The single circumstance that it was uncontradicted is not enough to compel belief in its accuracy.  Still the jury may have discredited the opinions expressed by the surgeons. . . . Even though the presiding judge may have felt that the evidence establishing the fact that the

insured had the disease was so overwhelming that a verdict disregarding it ought not to be permitted to stand, still it was his duty to submit this question of fact to the jury."

In the case at bar there was no evidence offered by the plaintiff to show that sarcoma is a form of cancer or cancerous growth, and as it was not conceded by her, that question should have been submitted to the jury. It follows that the court erred in directing a verdict for the defendant, and the entry must be

*Exceptions sustained.*