ERNEST FOSS, administrator, *vs.* MUTUAL LIFE INSURANCE COMPANY OF NEW YORK.

M. LOUISE LUNT *vs.* SAME.

ELIZA G. LUNT, guardian, *vs.* SAME.

ELIZA G. LUNT *vs.* SAME.

Essex.    March 7, 1923. — November 28, 1923.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Insurance*, Life.    *Evidence*, Judicial notice.

The court cannot take judicial notice, merely from the fact that an insured person died of angina pectoris, of the time when the disease began or that it is a disease so grave in its nature that it is generally recognized to have a tendency to shorten life and therefore to be of a character such that it creates a condition of mind or body that increases the risk upon the insurer.

An application for life insurance contained a provision, " The proposed policy shall not take effect unless and until the first premium shall have been paid during my continuance in good health, and unless also the policy shall have been delivered to and received by me during my continuance in good health," and also a provision that the statements in the application were true and were offered to the company as an inducement to issue the proposed policy. Among such statements were the following in substance: that the applicant had had no illness or disease since childhood; that he had consulted no physician or practitioner who had prescribed for or treated him in the past five years; and that he was " in good health." There was evidence, which was controverted, that the insured died of angina pectoris, and also as to

the character of that disease. There was also evidence, which was conflicting, on the issue whether the insured had that disease when he made application for and received his policy. *Held,* that

(1) A motion that a verdict be ordered for the defendant properly was denied;

(2) A request for a ruling, "if the jury find that . . . [the insured] had angina pectoris prior to and at the time of the delivery of the policy, the plaintiff cannot recover even if . . . [the insured] did not know that he had angina pectoris," could not be granted in the form in which it was offered;

(3) A request for a ruling, "if the jury find . . . [the insured] had angina pectoris at the time of the delivery of the policy, the plaintiff cannot recover, even if the jury find that . . . [the insured] had no intention at all to deceive the insurance company," could not be granted in the form in which it was offered;

(4) In determining whether the insured had angina pectoris when the application was made, and whether if he did have it the risk was increased, the jury had to consider and weigh all the testimony as to the nature of the disease and whether its character was such as to increase the risk.

FOUR ACTIONS OF CONTRACT upon four policies of insurance on the life of Harold F. Lunt, late of Newburyport. Writs dated April 9, 1921.

In the Superior Court, the actions were tried before *N. P. Brown,* J. Material evidence and requests of the defendant for rulings are described in the opinion.

The jury found for the plaintiff in each action for the amount of the policy. The defendant alleged exceptions.

The case was argued at the bar in March, 1923, before *Rugg,* C.J., *DeCourcy, Crosby, & Pierce,* JJ., and afterwards was submitted on briefs to all the Justices except *Braley & Jenney,* JJ.

*G. Hoague,* for the defendant.

*J. W. Sullivan,* (*E. Foss* with him,) for the plaintiffs.

PIERCE, J. These are four actions of contract, brought upon four policies of insurance on the life of Harold F. Lunt, payable respectively to his estate, his mother, his wife, and his minor child, in the aggregate sum of $15,000. All the policies were issued April 14, 1920. The insured died June 29, 1920. The plaintiffs are respectively the administrator of the estate, the mother and the widow of the deceased, the latter being also guardian of the minor child of the insured. The pleadings were identical in all, except for

the difference in the names of the beneficiaries and in amounts.

The answer in each case set up that the applicant, Harold F. Lunt, died of the chronic disease of angina pectoris two and one half months after the delivery of the policies; that in the application said Lunt had agreed that the insurance was not to take effect unless the policies were delivered while he was " in good health; " and that on account of said chronic disease, this condition precedent had not been fulfilled. It further alleged misrepresentations by said Lunt in the application made, with intent to deceive the defendant, and also increasing the risk of loss under the policies, both in regard to his previous illnesses and diseases, and also with reference to his consultation of and treatment by physicians during the preceding five years, said applicant denying any previous diseases or illnesses, and any consultation or treatment by physicians; and further, that some months previous to said application said Lunt had been treated by a physician for angina pectoris, and that in the spring of 1918 after a physical examination by the Medical Advisory Board, he had been disqualified from any military service by the Local Exemption Board because of said disease of angina pectoris. The pleadings are made a part of the bill of exceptions.

It appeared in evidence that the application upon which all the policies were issued contained the following clause: " This application is made to the Mutual Life Insurance Company of New York. All the following statements and answers, and all those that I make to the Company's Medical Examiner, in continuation of this application, are true, and are offered to the Company as an inducement to issue the proposed policy . . . . The proposed policy shall not take effect unless and until the first premium shall have been paid during my continuance in good health, and unless also the policy shall have been delivered to and received by me during my continuance in good health." In answer to question 17 in the application, which question was: " What illnesses, diseases, injuries or surgical operations have you had since childhood?" the insured answered " None." In

answer to question 18 in the application, which was: " State every physician or practitioner who has prescribed for or treated you, or whom you have consulted in the past five years," the insured answered " None." And he affirmed in answers to questions 19 and 20 in the application that his statement in each case was true. In answer to question 21 in the application, which was: "Are you in good health?" the insured answered " Yes."

The defendant contends, as it did in its answer, that the statements of the insured in his application as to his health and the attendance of physicians were not true in fact, were not true when the policy issued and the first premium was paid, and were misrepresentations which increased the risk of loss. The official certificate of death, and the testimony of the physician who attended the insured in his last illness, warranted but did not require, in view of the testimony of all the other witnesses, a finding that the insured died of angina pectoris. The evidence also warranted a finding that the answers of the insured to questions above quoted were untrue, in that it is undenied that one Dr. Randolph C. Hurd in April, 1918, attended, as a physician, the insured three times within four days for severe pains in the chest, which he, Dr. Hurd, diagnosed to be some form of heart trouble, probably angina pectoris; and that the doctor told the insured that his attack was probably due to some form of heart trouble, and that it behooved him to exercise care with reference to smoking and overexerting himself. There was evidence that the physicians of the Medical Advisory Board, in 1918, after careful study of the heart of the insured found symptoms of angina pectoris and in consequence found the insured disqualified for military service.

The disease, called by all the physicians at the time angina pectoris, could be found by the jury upon uncontradicted evidence to be a progressive disease of the coronary arteries of the heart which affects the muscle of the heart; that it is a long time in arriving, is a middle age and old man's disease because the arteries have a longer time to get hard; that one chief symptom is pain, a sense of distress or constriction usually felt in the front of the chest beneath

the breastbone, the pain being of a particularly agonizing, constricting, squeezing character; that the pain may radiate or be referred to other parts of the body, particularly the left arm, the abdomen or legs; that these are symptoms that are present during an attack; that after an attack, if the patient rallies he is apparently just as well as can be. A physician who testified for the plaintiff said angina pectoris "is a well-recognized disease causing death." He further testified that "he had personally seen very few cases of angina pectoris; that is, very few physicians see cases of the actual attack, it is either fatal or they get better before the physician gets there; most of the cases he had seen were dead when he got there."

At the close of the testimony the defendant duly presented a motion for a directed verdict. The defendant also duly presented the following requests for rulings:

"1. If the jury find that Harold F. Lunt had angina pectoris prior to and at the time of the delivery of the policy, the plaintiff cannot recover even if Harold F. Lunt did not know that he had angina pectoris.

"2. If the jury find that Harold F. Lunt had angina pectoris at the time of the delivery of the policy, the plaintiff cannot recover, even if the jury find that Harold F. Lunt had no intention at all to deceive the insurance company.

"3. The statute in regard to warranties and misrepresentations in obtaining a policy of life insurance does not apply to the provision in the application providing that the insurance policy is not to take effect unless the insured is in good health at the time the policy is delivered and paid for.

"4. If Harold F. Lunt concealed from Dr. Orcutt the fact that he had been disqualified by the Draft Board as totally unfit for service, the plaintiff cannot recover.

"5. If Harold F. Lunt was treated for angina pectoris within five years prior to the date of the application, the plaintiff cannot recover.

"6. If Harold F. Lunt was disqualified for service by the Draft Board for angina pectoris, and he knew that he had been disqualified by reason of heart trouble and concealed said rejection from Dr. Orcutt, the plaintiff cannot recover.

" 7. If Harold F. Lunt, with an intent to deceive the company, concealed from Dr. Orcutt the fact that he had heart trouble, and had been disqualified by the Draft Board, the plaintiff cannot recover.

" 8. Concealment by Harold F. Lunt of his treatment for angina pectoris necessarily increased the risk of loss under the policies, and if Harold F. Lunt did not disclose such treatment to Dr. Orcutt, the plaintiffs cannot recover by reason of such increase of risk of loss."

We think the motion was refused rightly. The evidence was conflicting whether the insured had angina pectoris when he made application, when the policy issued, or when he died. Assuming the insured died in an attack of angina pectoris, the court could not take judicial notice when the disease began, or that that disease is so grave in its nature that it is generally recognized as having a tendency to shorten life and so, as matter of law, to create a condition of mind or body which increased the risk. *Lee* v. *Prudential Life Ins. Co.* 203 Mass. 299. *Kidder* v. *United Order of the Golden Cross,* 192 Mass. 326. *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450. *Smardon* v. *Metropolitan Life Ins. Co.* 243 Mass. 599. *DeGuzzi* v. *Prudential Ins. Co. of America,* 242 Mass. 538.

As regards the answers to questions 18, 19, 20 and 21, above set forth, we do not think it could be ruled as matter of law that such misrepresentations were made with intent to deceive or that the defendant has sustained the burden which is upon it of showing that the misrepresentations increased the risk of loss. *Hogan* v. *Metropolitan Life Ins. Co.* 164 Mass. 448. *Dolan* v. *Mutual Reserve Fund Life Association,* 182 Mass. 413. *Barker* v. *Metropolitan Life Ins. Co.* 198 Mass. 375, 384. *Everson* v. *General Accident, Fire & Life Assurance Corp. Ltd.* 202 Mass. 169.

We think the defendant's requests for rulings numbered 1 and 2 could not have been given in the strict form in which they are phrased. In determining whether the insured had angina pectoris when the application was made, and whether if he did have it the risk was increased, the jury had to consider and weigh all the testimony as to the nature of the dis-

ease and whether its character was such as to increase the risk; and the charge to the jury sufficiently and fully protected the rights of the defendant in this regard. There was no error in the refusal to give in terms the remaining requests. The jury were fully and accurately instructed upon every aspect of the defendant's defence and no exception was taken to the charge other than to the refusal to give the requests. A majority of the court are of opinion that the exceptions must be overruled.

*So ordered.*