ELIZABETH GLASS *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

Suffolk.    October 22, 1926. — January 4, 1927.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Insurance,* Life. *Evidence,* Relevancy and materiality, Judicial notice, Presumptions and burden of proof. *Practice, Civil,* Exceptions, Requests, rulings and instructions, Closing argument.

At the trial of an action of contract against an insurance company by the beneficiary named in a policy of life insurance, where the only defence was that statements were made in the application for the policy which were false and were intended to deceive and that the matter misrepresented increased the risk of loss, and there was evidence that the insured had been in a hospital previous to the issuance of the policy but had answered in the negative the question, "Have you ever been an inmate of or have you ever received treatment in a hospital?" questions asked of the beneficiary in cross-examination, by which the defendant sought to ascertain if the beneficiary knew whether sarcoma was called cancer, properly were excluded as bearing on an immaterial issue, the beneficiary's knowledge having no tendency to establish the fact of identity in the diseases and no bearing upon the knowledge or good faith of the insured at the time the policy was obtained.

By G. L. c. 233, § 79, only such statements in the records of a hospital where the insured was treated before the issuance of the policy were admissible in evidence at the trial of the action above described as related to the treatment and medical history of the insured; and the exclusion from evidence of a statement in the record of such a hospital, "Unless radiation accomplishes a miracle the outcome will be fatal," was proper.

At the trial of the action above described, the defendant was not harmed by the admission in evidence of a signed report by an officer of the defendant attached to a report of the physician who examined the insured for the defendant before the issuance of the policy, stating in substance that the home surroundings and past and present habits of the insured were satisfactory; and an exception to such admission was overruled.

A judge is not required at a trial before a jury to charge the jury with regard to particular parts of the evidence.

Statements in the proof of loss, filed with the defendant by the plaintiff in the action above described, to the effect that the insured died of sarcoma, even if binding on the plaintiff, did not preclude recovery: the issue was not whether the insured died of sarcoma, or how long he had suffered from it; but whether he had made false statements intending to deceive, and whether sarcoma, if he was suffering from it when the policy issued, increased the risk of loss.

At the trial of the action above described, it appeared that the policy was issued to the insured on May 19, that on June 27 he went to a hospital where a local examination showed definite melanotic sarcoma, and that he died of sarcoma in September. A physician called by the defendant testified in cross-examination that "it was perfectly possible for a man to have sarcoma or melanotic sarcoma in July or August and be perfectly free from it in May." *Held*, that

(1) It was proper for the judge to refuse to rule in terms: "If the plaintiff, in the proofs of death required by the policy of insurance to be filed, makes a statement that the insured died of sarcoma, such statement is an admission of the fact that he was suffering from sarcoma before the day of his death";

(2) It was proper for the judge to refuse to rule in terms: "If the plaintiff as part of her proofs of death as required to be filed by the contract of insurance, files a statement by the attending physician as part of such proof, then the statement contained therein was an admission of the fact that the insured was treated for and suffering from sarcoma generally for a period of time therein stated, to wit, two months before the date of the doctor's certificate";

(3) A motion that a verdict for the defendant be ordered properly was denied.

CONTRACT by the beneficiary named in a policy of insurance upon the life of Ernest D. Glass. Writ dated February 23, 1923.

In the Superior Court, the action was tried before *Raymond*, J. It appeared that the policy was issued by the defendant on May 19, 1922, and that in September, 1921, the insured was in the Peter Bent Brigham Hospital in Boston for two weeks. The hospital record stated that an operation then was performed for the removal of a melanotic sarcoma on the site of an old mole on the left side of the abdomen. The evidence for the plaintiff tended to show that the insured's being in the hospital at that time was following advice of his family physician, who sent him there for treatment of an "inflamed congenital mole of the abdomen" which the insured had stated to the physician was

sore; that the insured did not know that he had a sarcoma removed at that time; that when he was examined by the defendant's physician he had told him of the hospital experience in September, 1921.

The "report of inspection" referred to in the opinion was attached to the certificate of the physician who, on behalf of the defendant, examined the insured when he made his application for insurance. The report was signed by the assistant manager of the defendant. In it were the following two questions and answers: "8. Are the character of home surroundings and the general position in life equal to or better than those of the usual high grade mechanic? Satisfactory. 9. What does careful inquiry of disinterested and responsible persons disclose as to applicant's past and present habits? Satisfactory." Accompanying the admission of this document, was testimony by an employee of the defendant as to the way in which the information upon which the questions were answered was obtained.

There was in evidence a hospital record which showed that the insured went to a hospital on June 27, 1922, when local examination showed definite melanotic sarcoma.

Other material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor. The motion was denied. The defendant then asked for the following rulings:

"4. Melanotic sarcoma is a disease of such seriousness that as a matter of law its existence increases the risk of loss, that is, the fact that a person has melanotic sarcoma increases the risk that he will soon die.

"5. If the insured, Ernest D. Glass, in his application for a policy, represented to the defendant that at that time he did not have melanotic sarcoma, when as a matter of fact he did have melanotic sarcoma at that time, the plaintiff cannot recover and the defendant is entitled to the verdict whether or not said Ernest D. Glass then knew that he had sarcoma.

"6. If the insured, said Ernest D. Glass, in his application for the policy represented to the defendant that he had not been an inmate of or had not received treatment at any

hospital, when as a matter of fact he had been treated and operated upon for melanotic sarcoma at a hospital, the plaintiff cannot recover and the defendant is entitled to a verdict."

"15. If the plaintiff, in the proofs of death required by the policy of insurance to be filed, makes a statement that the insured died of sarcoma, such statement is an admission of the fact that he was suffering from sarcoma before the day of his death.

"16. If the plaintiff as part of her proofs of death as required to be filed by the contract of insurance, files a statement by the attending physician as part of such proof, then the statement contained therein was an admission of the fact that the insured was treated for and suffering from sarcoma generally for a period of time therein stated, to wit, two months before the date of the doctor's certificate."

The judge refused to give any of such rulings in terms, offering, however, to give those numbered 15 and 16 with the modification that such statements were evidence of the facts; but this offer was declined by counsel for the defendant with the statement that he did not care for the instruction that such statements were evidence of the facts.

The defendant objected to the following remarks made by the counsel for the plaintiff in his closing argument to the jury: "He did his duty in the war, he did his duty in the church, he did his duty as a citizen. I ask you gentlemen to deal with the case with that in mind and say, 'We stood by you.' And if you look beyond in the blue you will see another army of the dead, and Ernest Glass will be one of them and you can say to him, 'We have found the truth, we have protected you, so that you and I, standing mute, salute.'" The judge ruled that the argument was not improper. The record discloses no exception to the ruling.

In the course of his charge to the jury, the judge stated: "There is talk of sarcoma. The doctors have testified considerably about sarcoma. I do not instruct you that sarcoma increases the risk. I leave that entirely to you, because I understand that one of the latest cases determined by the Supreme Judicial Court says precisely that, that I cannot say, a judge cannot say as a matter of law that sar-

coma is cancer or that it increases the risk. But you have had some testimony bearing on the question as to what it is and whether or not it does increase the risk so that the man has not so good a chance to live as he would have had if he had been free from that disease, if he had answered the questions truly here." To this portion of the charge, the defendant alleged exceptions.

There was a verdict for the plaintiff in the sum of $2,837.50. The defendant alleged exceptions.

*G. W. Cox, J. F. Bacon, & W. P. Kelley,* for the defendant, submitted a brief.

*H. W. Ogden,* for the plaintiff.

WAIT, J. This is an action of contract brought by the beneficiary named in a policy of insurance made by the defendant upon the life of Ernest D. Glass. The policy was issued on May 19, 1922, and the assured died September 14, 1922, of general sarcoma. There is no dispute that proper and seasonable proof of death was had. The defendant contested liability on the ground that statements were made by the assured in the application for the policy which were false and were intended to deceive, and that the matter misrepresented increased the risk of loss. After a verdict for the plaintiff, it contends that the judge erred in refusing to direct a verdict for the defendant; in the admission and exclusion of evidence; in refusing to give to the jury certain instructions requested; and in permitting improper and prejudicial argument.

We find no error in the admission and rejection of evidence.

It was immaterial, upon any issue tried, that the plaintiff knew or did not know whether sarcoma was cancer. Her knowledge does not establish the fact of identity in the diseases, or bear upon the knowledge or good faith of the assured at the time the policy was obtained. The judge was acting rightly within his powers to exclude cross-examination upon an immaterial matter.

The statements contained in a hospital record are by statute evidence only "so far as such records relate to the treatment and medical history of such cases." G. L. c. 233, § 79. The entry "Unless radiation accomplishes a miracle

the outcome will be fatal," is a prophecy which has no bearing upon treatment or medical history of the case. It was excluded properly.

The report of inspection was not evidence of the facts stated in it; but we are unable to see in what way its admission prejudiced the defendant. It was immaterial. There was no dispute that the application was accepted, and that the home surroundings and past and present habits of the assured were satisfactory. There is no merit in this exception.

Nor do we find error in the refusal to give the instructions requested.

Requests four, five and six involve a ruling that melanotic sarcoma is a disease which, as matter of law, increases the risk of loss. This court has said that cancer increases the risk of loss, *Smardon* v. *Metropolitan Life Ins. Co.* 243 Mass. 599, 601; but the case decides that the judge was not required, as matter of law, to decide that either general or melanotic sarcoma was cancer. He was right in his refusal.

The judge could not be compelled to charge the jury with regard to particular parts of the evidence. *Smith* v. *Import Drug Co.* 253 Mass. 368. The statements in the proof of loss, even if binding on the plaintiff, did not preclude recovery. The issue was not whether the insured died of sarcoma, or how long he had suffered from it; but whether he had made false statements intending to deceive, and whether sarcoma, if he was suffering from it when the policy issued, increased the risk of loss.

The judge was not bound to give requests fifteen and sixteen. See *Foss* v. *Mutual Life Ins. Co. of New York*, 247 Mass. 10.

The bill of exceptions discloses no facts which should lead us to disturb the judge's decision that no action on his part was called for by the portion of the argument to which the defendant objected. *Commonwealth* v. *Perry*, 254 Mass. 520, 531.

The judge was right in refusing to direct a verdict for the defendant. As was said in *Smardon* v. *Metropolitan Life Ins. Co.*, *supra*, "The court could not take judicial notice

that sarcoma is a form of cancer, and it could not be so assumed by the presiding judge." The plaintiff contended that the assured was not suffering from sarcoma when the policy was issued. Dr. McLaren, called by the defendant, testified in cross-examination that "it was perfectly possible for a man to have sarcoma or melanotic sarcoma in July or August and be perfectly free from it in May." There was, thus, matter of fact for the jury to pass upon in regard to his state when the policy issued. No contention is made that there was no evidence for the jury on the issues, what representations were, in fact, made; whether they were false; and whether, if false, they were made with intent to deceive. It was not for the judge to determine those issues of fact. *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450.

*Exceptions overruled.*