MADELEINE RAPPE *vs.* METROPOLITAN LIFE INSURANCE
COMPANY.

Suffolk.     February 3, 1948. — February 27, 1948.

Present: QUA, C.J., LUMMUS, WILKINS, & WILLIAMS, JJ.

*Insurance,* Life insurance: representations, application. *Evidence,* Pre-
sumptions and burden of proof. *Practice, Civil,* Requests, rulings
and instructions.

In an action upon a policy of life insurance, the burden still was on the
defendant insurer, to establish, under G. L. (Ter. Ed.) c. 175, § 186,
that false representations by the applicant for the insurance were made
"with actual intent to deceive" or that "the matter misrepresented
. . . increased the risk of loss," notwithstanding the fact that the
falsity of the representations was established by hospital records and
by testimony of the plaintiff, beneficiary under the policy: it could not
be presumed either that the misrepresentations were intentional or
that they increased the risk of loss.
At the trial of an action upon a policy of life insurance, the defendant
insurer was entitled to have the jury instructed that, as one distinct
step in establishing its defence, although not decisive of the whole
case, it had proved that certain representations by the insured upon
his application were false, where that fact was established by a record
agreed to at the pre-trial and by testimony of the plaintiff by which
he was bound.

CONTRACT.     Writ in the Superior Court dated May 25,
1944.

The action was tried before *Baker,* J., who, subject to
exceptions by the defendant, refused to grant the following
requests for rulings: 9. "The evidence requires a finding
that the answer to question number 23 in Part B of the ap-
plication was false and that there was a misrepresentation
in this answer," and 20. "If the insured in his application
for the policy, in answer to any question which related to
a material subject, stated as a fact something which was
susceptible of knowledge and which was untrue, no further
proof of intent to deceive need be made and the plaintiff
cannot recover."

A motion by the defendant that a verdict be ordered in its favor was denied.

A verdict for the plaintiff was recorded subject to leave reserved, and thereafter a motion that a verdict be entered for the defendant was denied.   The defendant alleged exceptions.

*W. A. Ryan,* for the defendant.

*F. G. Lichtenstein & G. A. Goldstein,* for the plaintiff, submitted a brief.

QUA, C.J.   This is an action by the beneficiary of a policy of insurance issued by the defendant October 1, 1942, on the life of Albert Rappe.   The defendant relies entirely upon the affirmative defence that the insured made false representations in the application for the policy which were "made with actual intent to deceive" or were such that "the matter misrepresented . . . increased the risk of loss."   G. L. (Ter. Ed.) c. 175, § 186.

When this case was here on a former occasion, after a verdict for the plaintiff, we held that the judge could not properly have ruled as matter of law that this affirmative defence had been sustained, and that the case was one for the jury; but we sustained the defendant's exceptions because of the failure of the judge to grant certain of the defendant's requests for rulings.   *Rappe* v. *Metropolitan Life Ins. Co.* 320 Mass. 376.   A subsequent amendment to the defendant's answer alleges that the deceased made in his application the false representation, not set up in the original answer, that he had not consulted or been treated by any "clinics, hospitals, physicians, healers or other practitioners" within five years.   After a second verdict for the plaintiff, the first question now before us is whether it was right to submit the case to the jury in view of this addition to the defence.

At the second trial it appeared that the application did contain the representation added to the answer as above set forth.   There was much evidence similar to that summarized from the hospital record in our former opinion (320 Mass. at pages 378–379) tending to show that the deceased had consulted and been treated by physicians at a hospital over

a long period within five years prior to the signing of the application. There was also evidence that he had been treated by a physician at his own home within that period. It was agreed at the pretrial that the hospital record referred to the deceased and pertained to his treatment, and the plaintiff herself testified that she knew the deceased went to the hospital "several times" in 1941 and 1942, and that he told her he went because he had an upset stomach and did not feel well.

Notwithstanding all this, the burden of proof was upon the defendant to establish its defence, and however clear it might be that a false representation was made, the defence could become complete only upon proof either that the representation was made "with actual intent to deceive" or that "the matter misrepresented . . . increased the risk of loss." G. L. (Ter. Ed.) c. 175, § 186. The defendant must prove one or the other of these alternatives. There is no way of escape from this burden. There is nothing to the contrary in *Metropolitan Life Ins. Co.* v. *Burno,* 309 Mass. 7. Actual intent to deceive is not to be presumed. It is a matter to be proved. *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450, 453. No doubt these somewhat complicated applications for life insurance are frequently filled out by a person other than the insured himself — possibly by an eager agent. An incorrect statement does not necessarily indicate actual intent to deceive. And it cannot be said as matter of law that a misrepresentation that an applicant has not, within five years, consulted or been treated by a hospital or a physician increased the risk of loss. Quite the contrary might be true. *Levie* v. *Metropolitan Life Ins. Co.* 163 Mass. 117, 119. *Kidder* v. *United Order of the Golden Cross,* 192 Mass. 326, 334. *Coughlin* v. *Metropolitan Life Ins. Co.* 189 Mass. 538. *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450, 453. *Foss* v. *Mutual Life Ins. Co.* 247 Mass. 10, 13, 15. *Schiller* v. *Metropolitan Life Ins. Co.* 295 Mass. 169, 176–178. It follows that the case was still a jury case.

But the defendant's requested ruling No. 9, which was in substance that the representation that the deceased had not

consulted or been treated by any clinics, hospitals or physicians within five years was false, ought to have been granted. The plaintiff's own testimony, by which she is bound, taken with the agreement at the pre-trial, shows that the deceased had consulted or been treated by a hospital within five years. While this fact is not decisive of the whole case, the defendant was required as one distinct step in proving its defence to show that a false representation had been made. This fact it had shown as matter of law, and the jury should have been so instructed. *Smardon* v. *Metropolitan Life Ins. Co.* 243 Mass. 599, 602. *Giannelli* v. *Metropolitan Life Ins. Co.* 307 Mass. 18, 24. The request did not relate to a mere fragment of the evidence. *Barnes* v. *Berkshire Street Railway*, 281 Mass. 47, 51–52. And it was not given in any form.

*Exceptions sustained.*