*Northern District*

No. 5179

**HASKELL ARONSON**
and
**MINNA G. ARONSON**

v.

**EDWARD D. BUMSTEAD**

(December 9, 1958)

*Present:* Eno, J. (Presiding), Brooks and Northrup, JJ.

Case tried to *Russell, Sp. J.,* in the First District Court of Eastern Middlesex. No. 3502 of 1956.

*Northrup, J.* This is an action of contract or tort in which the plaintiffs seek to recover damages to their real estate allegedly caused by the defendant's negligent use of a presto blow torch in repairing a leak in a radiator on the plaintiffs' premises. The defendant's answer is a general denial, a special denial of negligence and a plea of contributory negligence.

*At the trial there was evidence tending to*

*show that* on or about April 12, 1956 the de-
fendant, who had been engaged in the plumb-
ing business in Malden for thirty-five years,
was called by the plaintiffs to their premises
for the purpose of repairing a leak in a
radiator coupling; that the defendant some-
time previous thereto had installed the heat-
ing system in the plaintiffs' home and that, at
the time the system was installed, the defend-
ant advised the plaintiffs to have an air space
left between the tile and the radiator so that
the radiator could expand and contract to
heat or cold without breaking the tile or the
radiator coupling. The defendant at that time
also advised the plaintiff that the air space in
back of the radiator, and at its sides should
be kept free and clear so that there could be
a free circulation of air. When called to the
plaintiffs' home on April 12, 1956 the de-
fendant found that the tile had been installed
flush with the radiator and was against it so
that there was no room for expansion or con-
traction and that the radiator could not be
removed because of being tiled in. That be-
cause of the tiling, the defendant in repairing
the leak in the radiator coupling, had to work
through a small door at the bottom of the
radiator. This door was about twenty-four
inches long, four and one-half inches in height
and opened outward. The defendant also testi-
fied it was impossible to see into much of the
air space in back of the radiator because of
the pipes under the radiator, and because it
was sealed in by the tile; it was impossible to

see through the radiator because the sections were not separated.

There was further testimony by the defendant that normally there is nothing in back of such a recessed radiator but the studs and the boards on the outside of the house and that he had not left any foreign matter in back of the radiator when he installed the heating system. The defendant also testified that he looked at the radiator to find the leak and that he did not see any foreign matter as he made the repairs; *that he did not remember if he looked for anything inflammable. Later he testified that he had looked and that there was nothing to catch fire and again later he stated that he did not look to see if there was anything that could be ignited.*

After using the presto torch and making repairs to the radiator the defendant sent his helper to the third floor attic to open the vent in the radiator. The helper then discovered that smoke was coming out into the attic. The fire department was called and came and cut a hole in the plaster in the bathroom wall over said radiator and squirted the booster hose in and extinguished the fire. The defendant also testified that he had no knowledge of what was ignited but that whatever it was caused a little smoke when ignited.

At the close of the evidence and before final argument, the defendant duly filed thirty-seven requests for rulings, all of which were allowed by the trial court who made the following findings of fact and rulings of law:

## "FINDINGS OF FACT, RULINGS OF LAW & FINDING

.The plaintiffs owned the property at 27 Appleton Street, Malden and on or about April 12, 1956, called the defendant a licensed plumber, to repair the radiator coupling in the bathroom. The radiator was recessed in the wall which was of tile and reached the floor to a point of about two and one half feet above the floor. The lower part of the radiator contained a small door which opened out. The defendant opened this door in order to repair the leak in the pipe on the bottom of the radiator. In order to repair the leak, it was necessary for the defendant to use a presto torch in order to melt the solder in the coupling.

There was consideration for the work being performed by the defendant.

During the course of the work, the Fire Department was called, came to the house and used a booster pump and made a hole in the plaster in the bathroom above the radiator and squirted in water through the booster pump. This episode happened about ten o'clock in the morning. The use of the presto torch caused a slight fire.

I find as a fact that the defendant was negligent. The plaintiffs' property was damaged as a result of the fire.

The defendant duly submitted requests for rulings of law.

The court allows said requests for rulings of law numbered 1 to 37 inclusive — See Finding of Fact.

The court finds for the plaintiffs and assesses

damages in the sum of $300.00. Interest on $300 — $14.25 — $314.25."

The defendant thereafter duly filed a motion for a new trial and a motion that the trial court correct its Findings of Fact, Rulings of Law and Finding and in connection with the said motions filed twenty-six requests for rulings. All of the defendant's said requests except No. 10 were denied by the trial court and the issue before us is as to the correctness of the trial court's rulings denying the same.

The allowance by the trial court of such of the defendant's original requests for rulings as are set forth in the report, the trial court's specific finding as a fact that the defendant was negligent, the trial court's allowance of the defendant's request No. 10 and the report taken as a whole, shows conclusively, that the trial court did not base its finding for the plaintiff upon the principle of *res ipsa loquitur*. We therefore treat as immaterial the defendant's requests for rulings predicated thereon and disregard the defendant's argument in support of the same.

All of the defendant's remaining requests for rulings are predicated on the proposition that the evidence was insufficient to warrant a finding by the trial court that the defendant was negligent. We therefore confine ourselves to that issue and consequently find it unnecessary to consider all of the defendant's requests in detail.

The report states that certain testi-

mony was "uncontroverted". This fact how-
ever adds nothing to the weight of the testi-
mony nor to the consideration to be given to
it by this Appellate Court for the reason that
a trial court is not obliged to believe testimony
even though the same is uncontradicted.
*Gordon v. Bedard,* 265 Mass. 408, 411;
*Guinan v. Famous Players-Lasky Corpora-
tion,* 267 Mass. 501, 518.

In determining the issue in the case
at bar we are obliged to assume, in the absence
of any binding admissions, that testimony
contradicted or uncontradicted, insofar as the
same is inconsistent with the trial court's find-
ing for the plaintiff, was disbelieved by the
court. We are also bound by the rule of law
laid down in *Lowell v. Boston Storage Ware-
house,* 280 Mass. 234, *Guinan v. Famous
Players-Lasky Corporation Supra,* 519 and
numerous other decisions, which require us
not only to examine the testimony in the light
most favorable to the plaintiff, but also to
assume that the trial court believed only such
portions of the credible testimony of each
witness as supported its finding and rejected
such portions of the same as were repugnant
thereto.

A "general finding of the trial judge
in favor of the plaintiff imports the finding
of subsidiary facts and the drawing of all
rational inferences essential to that conclu-
sion". *Kennedy Bros. Inc. v. Bird,* 287 Mass.
477, 484.

An Appellate Court is precluded

from passing upon the weight of the evidence and the trial court's finding must stand if "permissible upon any reasonable view of the evidence." *Kennedy Bros. Inc. v. Bird, Supra* 484; *Adams v. Dick,* 226 Mass. 46, 52; *Morse v. Old Colony Tr. Co.,* 246 Mass. 139, 143; *Jones v. Clark,* 272 Mass. 146, 149.

Applying the foregoing principles of law to the evidence in the case at bar as set forth in the report and after careful examination of the same, it is our opinion that the evidence, so considered, warranted the trial court's finding that the defendant was negligent. The defendant's testimony was most contradictory on the question of whether, prior to the use of the blow torch, he looked to see if there was anything that could be ignited. Among his contradictory statements are the following; that he did not see any foreign material as he made the repairs; that he did not remember if he looked for anything inflammable; that he looked and saw nothing to catch fire; that he did not look to see if anything could be ignited.

█ Where conflicting inconsistent statements are made by a witness it is for the trial court or the jury to say which statement is true. *Sullivan v. Boston El. Ry.,* 224 Mass. 405; *Larson v. Boston El. Ry.,* 212 Mass. 262, 268.

█ . On the defendant's testimony the trial court was warranted in finding that the defendant had *failed to look* to see if there was anything ignitable within the destructive

range of his blow torch or that if he looked, he looked negligently. The trial court was also warranted in finding that, engaged as the defendant was in an undertaking fraught with danger, some precaution should have been taken to guard against the same and that in failing to do so the defendant did not exercise that degree of care reasonably required of him under the circumstances which existed at the time. It was for the trial court to say what standard of care was reasonably required under the circumstances and in determining the same the trial court was warranted in holding the defendant to a high degree of care commensurate with the dangerous character of his undertaking. *Guinan v. Famous Players-Lasky Corp., Supra* 519.

The defendant cites with apparent conviction the case of *Home Savings Bank v. Savransky,* 307 Mass. 601 and argues that this case supports his claim that the evidence in the case at bar is insufficient to support the trial court's finding of negligence on the part of the defendant. However the Court in that case, on evidence less substantial than that in the case at bar, did not decide, as argued by the defendant, that the evidence was insufficient to support the finding of negligence but on the contrary actually held that the evidence *did* support such a finding and it specifically ruled that the defendant's request No. 1 to the contrary was properly denied by the trial court. In fact, the three grounds upon which the Court granted a new trial in that

case, none of which are present in the case at bar, are so clearly and unequivocally set forth by the Court in its opinion, that no room for any misunderstanding concerning the same can reasonably be said to exist.

Unfortunately also for the position of the defendant in the case at bar, our opinion in the case of *Poulin v. H. A. Tobey Lumber Corp.,* 13 Mass. App. Dec. 113, decided by us, and cited by the defendant in his brief, subsequently was reversed by our Supreme Judicial Court. We ruled that the evidence was insufficient to support the trial court's finding for the plaintiffs and on appeal our Supreme Judicial Court reversed our opinion and entered judgment for the plaintiffs. 337 Mass. 146. The Court in doing so quoted from *DiRoberto v. Lagasse,* 336 Mass. 309, 311, 312:

> "The plaintiff was not required to exclude all causes except the defendant's negligence and it was sufficient if upon the entire evidence there was a greater likelihood that the accident was due to his negligence rather than to some other cause."

These words seem to be peculiarly applicable to the case at bar and applying the same thereto, the evidence shows a greater likelihood that the fire damage caused by the defendant to the plaintiffs' premises was the result of some negligent act or omission on the part of the defendant rather than that it arose from a series of circumstances wholly divorced from the same.

It follows therefore that there was no error

in the denial by the trial court of the defendant's requests for rulings and the report is therefore ordered dismissed.

D. J. Michaelis of Boston, for the Plaintiffs.
Albert E. Lamb of Boston, for the Defendant.