ERNEST QUINTILIANI & another *vs.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

Worcester. November 2, 1959. — December 14, 1959.

Present: WILKINS, C.J., SPALDING, WILLIAMS, & WHITTEMORE, JJ.

*Practice, Civil,* Exceptions: whether error harmful; Requests, rulings and instructions. *Error,* Whether error harmful.

Error, if any, on the part of a trial judge in allowing too broad a scope to relevant evidence at the time of its admission was not prejudicial in view of his charge to the jury; nor was there prejudice in refusal of a request for ruling which, so far as it referred to applicable law, was covered in substance by the charge; nor was there prejudice in the admission of evidence of an immaterial fact already in the case without objection.

CONTRACT. Writ in the Superior Court dated August 2, 1956.

The action was tried before *Meagher*, J.

*Charles W. Proctor*, for the defendant.

*Robert V. Mulkern*, for the plaintiffs.

WHITTEMORE, J. These are the defendant's exceptions in an action on a life insurance policy in which the plaintiffs had a verdict.

The plaintiffs, in rebuttal of evidence tending to sustain the defendant's burden of showing that answers in the application were false and "made with actual intent to deceive" (G. L. c. 175, § 186), elicited testimony to show that the insured told the soliciting agent of her illness and hospitalization and that he brushed it aside and directed her to sign the application without giving her a chance to read the answers which he had written. The defendant seasonably asked that the judge limit the evidence "to the question of intent to deceive." The judge ruled that the answers were received on two issues, "the main issue . . . whether . . . there was any misrepresentation made in the application and the answers . . . to the representative of the insurance company . . . [and also on the issue of] the credibility of these . . . people . . . ." The defendant excepted to this ruling. Had it stood alone the ruling might have been too broad in its implication. The judge, however, was not required to speak with precision at that moment, the evidence was relevant to the main issue of misrepresentation with intent to deceive, and, at the appropriate time, in the charge, the judge stated the applicable law as to both misrepresentation and intent. "[T]he defendant must satisfy you that . . . misrepresentations [if made] were made with an actual intent to deceive and the burden of proof must be sustained by the defendant upon this defence. . . . [Y]ou have the original application which was signed by Maria . . . . The insured . . . is presumed to know the past and present condition of . . . her health . . . whether . . . [she] had consulted or been treated . . . . If there were any misrepresentations in these answers and you find . . . [that] there

was actual intent to deceive, you will be warranted in stopping right there and return[ing] a verdict for the defendant. Are these answers made by Maria not in conformity with the facts . . . ?  . . . [W]hether they were intentional or not, were they misrepresentations?  If . . . they were, were they untrue?  Did Maria know that the answers were not true answers, as a reasonable person under all the circumstances?  Should she have known that they were untrue, and that they were misrepresentations?  If she knew that the answers . . . were not true . . . were they made with actual intent to deceive, in order to procure this particular policy . . . ?  If you find the answer . . . in the affirmative, you shall be warranted in returning a verdict for the defendant."  We assume that the instruction to determine whether "misrepresentations . . . were untrue" was intended, as the following words made clear, to pose the question: Were they known to be untrue?  This charge gave the jury the legal measure of the rebuttal evidence as well as of the other relevant evidence.

There is no exception to the charge but the defendant did except to the failure of the judge to instruct in the charge that "If the insured in fact signed the application the plaintiffs are bound thereby even if the agent writing the policy inserted in it answers that the insured did not give or which the agent knew were false at the time he inserted them in the application."  This ruling could not have been given in terms for it omits the reference to intent to deceive.  So far as the request referred to applicable law it was fully covered in the charge.  The judge in substance told the jury that "these answers made by Maria" were the answers by which the case was to be judged: Were they false, should she have known their falsity and what was her actual intent in making them?  See *Rappe* v. *Metropolitan Life Ins. Co.* 322 Mass. 438; *Davidson* v. *Massachusetts Cas. Ins. Co.* 325 Mass. 115, 119–120.

The defendant was not prejudiced by the ruling on the other evidential exception.  The soliciting agent, without objection, had testified on cross-examination that he filled

in "very good" as his answer to the instructions addressed to him, "State what you know about the habits and the character of the applicant," that he sent the information to the defendant and that it issued the policy. He was then asked, "And that policy, speaking now from your knowledge as assistant manager, is predicated upon the information that you give as well as the information that she gives, is that right?" The defendant duly excepted to the affirmative answer. We agree with the defendant that the fact was immaterial to the issue, but the substance of it was already in the case by the unobjected to prior examination. Also the agent's "Inspection Report" is printed with the application which was an exhibit, and has the note "Full and complete answers will expedite action at the home office." The emphasis which this question gave to the inference which was already plain could not prejudice the defendant.

*Exceptions overruled.*