*Southern District*

## HYMAN LEWIS

### v.

## METROPOLITAN LIFE INSURANCE CO.

*Present*: NASH, P.J. *OWEN, MURPHY, J.

Case tried to *Cox, J.* in the District Court of Northern Norfolk          No. 55841

OWEN, J. This is an action of contract wherein the plaintiff as beneficiary of a policy of insurance issued by the defendant upon the life of Lillian C. Bosley, who is now deceased, seeks to recover the amount insured.

The answer admitted issuance of the policy on October 1, 1965, and due proof of death, but says that the decedent in the application for the policy in question made certain statements concerning her state of health and medical history and that these representations were false and were made with intent to deceive the Defendant or increased the risk of loss and that, because of said false representations, the policy of insurance is void.

*There was evidence that* the decedent answered certain questions on the application for insurance as follows:

"14.   When did you last consult a doctor.

   (a)   Date — April, 1961.

   (b)   Name of Doctor — Dr. at Mass. Memorial Hospital out-patient department.

   (c)   Ailment or treatment — Sprained right ankle — completely recovered.

   (d)   Duration — 2 visits."

"15. Have you ever had, or been told that you had, or been treated for, or sought advice concerning:

    (a)   High blood pressure, chest pain or heart trouble? — Answer — No.

    (c)   Gallstones, ulcers or any disease of the liver? — Answer — No.

    (h)   Anemia, leukemia or other disease of the blood? — Answer — No."

"17. During the past five years, have you had any diseases, ailments or injuries not described elsewhere on this application which required treatment, examination or advice by a doctor or at a clinic, hospital, dispensary or sanatorium. — Answer — No."

The plaintiff testified that he was present when the above application was prepared by the defendant's agent and that he saw the decedent read and sign the application.

The plaintiff also testified that the decedent had attended the Massachusetts Memorial Hospital on May 1, 1963. This admission was not mentioned on the above application for insurance.

A record of Massachusetts Memorial Hospital was introduced with a certificate that the record was a true and complete record of all admissions and treatments of the decedent at the hospital. The record showed that on May 1, 1963, she attended the out-patient clinic and had consulted and been examined by a doctor upon a chief complaint of ankle swelling of six

years duration with a history of present illness of swelling of right ankle, right leg, left ankle and periorbital regions; that the ankle swelling occurred about two hours after rising in the morning and persisted all day; that she drank half a pint of whiskey a day and had done so for the past ten years. After examination the following clinical impressions were arrived at: (1) Laennec's cirrhosis; R/O hepatoma, metastatic disease to liver; (2) chronic alcoholism; (3) nutritional deficiency; (4) hypertensive cardio-vascular disease; (5) early congestive heart failure; (6) valvular disease; mitral insufficiency, relative; and (7) 2° anemia." The planned procedure noted at the end of the hospital record was "Admit to M. M. H. next Mon. for evaluation." There was no evidence of any other hospitalization at Massachusetts Memorial Hospital.

A record from Boston City Hospital showed an admission of the decedent from December 15, 1965 to February 23, 1966. This record showed that the decedent had a history of consuming half a pint of whiskey daily and had done so for years and the discharge diagnoses made included chronic alcoholism, chronic malnutrition, chronic nutritional cirrhosis, anemia and renal insufficiency.

The decedent died on May 6, 1966, and the death certificate showed the causes of death as: rupture of aortic valve, secondary to acute bacterial endocarditis; pulmonary congestion

and edema. Other significant conditions noted in the death certificate were: bilateral broncho-pneumonia; hepatic cirrhosis with gastro intestinal bleeding. The causes of death were confirmed by autopsy.

The decision of the trial justice found the foregoing evidence as fact and stated "the only issue is whether recovery is precluded under G.L. c. 175 § 186 because of false answers by the insured in her application which, as a consequence, increased the defendant's risk of loss. G.L. c. 175 § 186 is as follows:

> "No oral or written misrepresentation or warranty made in the negotiation of a policy of insurance by the insured or in his behalf shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter misrepresented or made a warranty increased the risk of loss."

The decision of the trial justice further found,

> "that the deceased was a chronic alcoholic who was also beset by other attendant ills was confirmed by the Boston City Hospital where she was a patient on December 1, 1965, a few months after her application for insurance, from which hospital she was discharged on February 23, 1966, a few months before her death.
>
> ". . . the failure of the insured to give truthful answers, particularly with reference to her admission to Massachusetts Memorial Hospital in 1963, were misrepresentations which deprived the insurer of the opportunity for further investigation which would have revealed the insured's chronic condition. This knowledge was essential for an evaluation of the risk. I find and hold that the insured's misrepresentations increased the Defendant's risk of loss and that the defendant is entitled to avoid the policy."

There were requests for rulings filed by both parties which are not in issue because the trial justice stated in his report that "The plaintiff having failed to make timely request for a report due to circumstances beyond his control, I hereby, on my own motion, report this matter to the Appellate Division for a determination of the sole issue whether the foregoing evidence supports my finding for the defendant."

The general finding of a trial judge imports the drawing of all rational inferences of which the case is susceptible and the finding of all necessary subsidiary facts and that finding will not be reversed if upon any view it can be sustained. *Moss* v. *Old Colony Trust Co.*, 246 Mass. 139, 143, *Aronson* v. *Bumstead* 20 Mass. App. Dec. 52.

It is apparent from the evidence that as a matter of law the decedent did make a false representation in her answer to questions No. 14 and 17 on the application for insurance. *Rappe* v. *Metropolitan Life Insurance Co.*, 322 Mass. 438 and cases cited.

The failure to disclose the attendance at Massachusetts Memorial Hospital on May 1, 1963, not only was a false representation as a matter of law, but it deprived the defendant of the opportunity to investigate the most recent hospital visit which would have revealed the "clinical impressions" of chronic alcoholism and other attendant diseases. These impressions were confirmed at Boston City Hospital

between December 15, 1965 and February 23, 1966.

Chief Justice Rugg stated in a discussion of G.L. c. 175 § 186 in *Schiller* v. *Metropolitan Life Insurance Co.*, 295 Mass. 169, 177, "there are conditions and diseases of such a nature as to require the conclusion as a matter of law that a misrepresentation increases the risk of loss, as for example; Alcoholism."

*Rainger* v. *Boston Mutual Life Association*, 167 Mass. 109, *Landeau* v *John Hancock Mutual Life Insurance Co.*, 349 Mass. 405, 409.

It is clear from the evidence that the defendant insurer is entitled to avoid the policy.

*Pahigian* v. *Manufacturers' Life Ins. Co.*, 349 Mass. 78.

The report is **DISMISSED**.

ROBERT A. ARONSON
 of Wellesley for the Plaintiff
LYNE, WOODWARD & EVARTS
 of Boston for the Defendant