JOHN B. KELLY *vs.* MUTUAL LIFE INSURANCE COMPANY OF NEW YORK.

CHRISTOPHER P. KELLY *vs.* SAME.

Middlesex. December 9, 1910. — January 4, 1911.

Present: MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Insurance,* Life : misstatements in application.

At the trial of an action upon a policy of insurance upon the life of a woman, it appeared that the insured signed for the defendant's medical examiner a statement containing a negative answer to the question, " Have you ever had gravel, bladder or kidney disease ? ", and that a little more than four months before she had been treated for Bright's disease of the kidneys in some form. There was

evidence tending to show that she was not told that she had Bright's disease in any form, and also evidence that the form of Bright's disease that she then had was acute, which was curable, that after being at the hospital about two months she was discharged as " improved" and resumed her occupation, which was the care of a large boarding house where she did all the cooking, and that she continued at her occupation for over two years without interruption by sickness, when she was taken ill and died of " nephritis complicated with diabetes." By the terms of the policy, if the answer to the medical examiner's question was a misrepresentation and either was made with actual intent to deceive, or was as to a matter which increased the risk of loss, there could be no recovery upon the policy. The presiding judge ordered a verdict for the defendant on the ground that the insured had made a misrepresentation which as a matter of law increased the risk of loss. The plaintiff alleged exceptions. *Held*, that the questions, whether the disease with which the insured was afflicted before she made the statement in question was the acute or chronic form of Bright's disease, and whether, if acute, it increased the risk of loss, were for the jury, and that the exceptions must be sustained.

TWO ACTIONS OF CONTRACT by two beneficiaries under a policy of life insurance upon the life of Margaret E. Kelly. Writs dated June 16, 1908.

In the Superior Court the cases were tried before *Hardy*, J.

It appeared that the insured was engaged in the business of conducting a large boarding house in Lowell containing about forty boarders, and that on June 21, 1905, she signed a certificate for the defendant's medical examiner, which was attached to her application for the policy in suit, in which she stated that she never had had " gravel, bladder or kidney disease"; that nine months before she had consulted her physician for " debility," which had lasted for four weeks, of which there were no " remaining effects," that she " kept about business as usual."

There also was evidence which tended to show that on January 4, 1905, the insured consulted her physician who advised her to go to the Lowell Hospital, where she was treated for Bright's disease of the kidneys: that he never told her from what she was suffering, and that she was not told at the hospital. There was expert testimony that she was suffering from acute Bright's disease, which was curable. On March 15, 1905, she was discharged from the hospital, " improved," and thereafter resumed her care of the large boarding house, where she did all the cooking, which occupation she continued until her last illness without interruption by sickness. A physician, testifying as an expert, gave it as his opinion that on June 21,

1905, when the insured made the statement attached to her application, she could have been in sound health. On April 29, 1907, the insured again summoned her physician, who directed her removal to the hospital on May 6, 1907, where she died two days later of " nephritis, complicated with diabetes."

At the close of the evidence, the presiding judge ordered a verdict for the defendant " on the ground that the answer ' No ' to the question . . . ' Have you ever had gravel, bladder or kidney disease ? ' was a misstatement which as a matter of law increased the risk of loss "; and the plaintiff alleged exceptions.

*J. Joseph O' Connor,* (*J. J. O'Sullivan* with him,) for the plaintiffs.

*G. Hoague,* for the defendant.

HAMMOND, J. It does not seem to be disputed that Margaret E. Kelly, upon whose life the policy was issued, suffered from some kind of Bright's disease and was treated therefor; that this occurred only a few months before she applied for the policy; and that her negative answer to the inquiry of the defendant's medical examiner as to whether she had ever had " gravel, bladder or kidney disease " was false. By the terms of the policy this misrepresentation is fatal to the validity of the policy if it was made with actual intent to deceive, or if it was as to a matter which increased the risk of loss. R. L. c. 118, § 21. The trial judge seems to have been of the opinion that the kidney trouble with which she was afflicted before the application increased the risk of loss, and upon that ground ordered in each case a verdict for the defendant.

" Some diseases or bodily conditions are of such a nature that the question whether they increase the risk of loss is for the jury. Rupture was said to be of that class in *Levie* v. *Metropolitan Ins. Co.* 163 Mass. 117. On the other hand, there are conditions and diseases of a nature which require it to be held, as matter of law, that a misrepresentation as to them is one as to a matter which increases the risk of loss, within the meaning of the statute. That the applicant was addicted to the excessive use of intoxicating liquors was held to be such a matter in *Rainger* v. *Boston Mutual Life Association,* 167 Mass. 109." Barker, J., in *Brown* v. *Greenfield Life Association,* 172 Mass. 498, 503, in which case it was held that " consumption " in-

creased the risk of loss. See also *Dolan* v. *Mutual Reserve Fund Life Association*, 173 Mass. 197. Generally, however, the question whether the disease is such as to increase the risk of loss is for the jury. See in addition to cases before cited *Hogan* v. *Metropolitan Life Ins. Co.* 164 Mass. 448; *Coughlin* v. *Metropolitan Life Ins. Co.* 189 Mass. 538; *Barker* v. *Metropolitan Life Ins. Co.* 198 Mass. 375.

There was evidence that the disease which Mrs. Kelly had before the application was an acute form of Bright's disease; that that form of the disease is curable; that at the time she applied for this insurance she had fully recovered and for many months appeared to be well, and performed hard manual labor.

Upon the whole evidence, including the testimony of the physicians, the questions, whether the disease she had was the acute or chronic form of Bright's disease, and whether, if acute, it increased the risk of loss, were for the jury. Nor do we see any ground upon which the order directing verdicts for the defendant can be sustained.

*Exceptions sustained.*