HENRY E. WARREN, administrator, *vs.* MICHAEL H. DECOSTE.

Middlesex.    May 14, 1929. — December 30, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Practice, Civil,* Interrogatories. *Evidence,* Competency, Public record, Declaration by deceased person.

In an action of tort by an administrator for causing the conscious suffering and death of the plaintiff's intestate, a pedestrian, by negligent operation of an automobile, the defendant propounded certain interrogatories to the plaintiff. Upon a report by a judge of his disposition of motions by the defendant respecting the plaintiff's answers to such interrogatories, it was *held,* that

(1) An interrogatory requesting the plaintiff to state, in "answering the following interrogatories," from what source he had acquired the information to enable him to make answers thereto and the name and address of each person who had furnished him with information; and, if such information had been procured in a conversation between him and the intestate, to set out his words and those of the intestate,

was admonitory and precatory, was not a question and required no answer; furthermore, it was susceptible of objection on the ground that it called for the names of witnesses contrary to G. L. c. 231, § 63;

(2) No further answers were required to certain interrogatories which the plaintiff had answered by stating that he had no personal knowledge of the facts concerning which inquiry had been made; that, so far as he had been able to ascertain, none of his agents, servants or attorneys had personal knowledge; and that such information as he had had been derived from statements made to him or his attorneys by third persons;

(3) Certain interrogatories relating to the medical history of the intestate, which were too broad as to time and which well might have included irrelevant matters and led into collateral issues, were answered sufficiently by answers disclosing all the personal knowledge of the plaintiff or his servants or attorneys;

(4) The plaintiff could not be required to answer an interrogatory calling upon him to state all that had been said by him and the intestate at conversations between them after the accident: the interrogatory was too broad and an answer thereto might include immaterial matter; furthermore, the plaintiff could not be required to state what the intestate had said, since he could not have testified thereto until such statements were found by the trial judge to have satisfied the preliminary requirements of G. L. c. 233, § 65;

(5) A death certificate being a public record, the proper proof of which would have been by a certified copy, the plaintiff could not be required to answer an interrogatory as to the contents thereof.

TORT for causing the conscious suffering and the death of the plaintiff's intestate. Writ dated April 11, 1928.

In the Superior Court, the defendant propounded certain interrogatories to the plaintiff, as described in the opinion. The sixth interrogatory was as follows:

"In answering the following interrogatories, please state

"a. From what source you acquired the information to enable you to answer these interrogatories;

"b. The name and address of each person who furnished you information;

"c. If you state that this information was procured during a conversation between you and the deceased, please set out as well as you can the words of the deceased and your words."

Motions by the defendant respecting the plaintiff's answers to the interrogatories were heard by *F. T. Hammond,* J., who reported his disposition of such motions for determination by this court.

The case was submitted on briefs.

*J. F. McGrath, F. T. Mullin, & H. C. Walsh,* for the defendant.

*H. F. Knight & W. R. Cook,* for the plaintiff.

RUGG, C.J.   This is an action of tort to recover compensation for the conscious suffering and damages for the death of the plaintiff's intestate alleged to have been caused to him while a pedestrian on a public way by the negligent operation of a motor vehicle by the defendant.   Before trial report has been made of questions of law arising on orders concerning motions touching answers to interrogatories propounded by the defendant to the plaintiff.   There was a large number of such interrogatories.   The plaintiff declined to answer some of them.   Thereupon the defendant filed a motion alleging certain answers to be improper, irrelevant, incomplete and evasive, and praying that certain answers be stricken out and that further and fuller answers be filed.   This motion was allowed in part and denied in part.   Further answers were made as ordered.   The defendant thereupon filed a second motion of a similar tenor as to the answers to some interrogatories.   This second motion was denied.

Statutory law as to interrogatories, G. L. c. 231, §§ 61–67, both inclusive, has been expounded somewhat fully in recent decisions.   *Cutter* v. *Cooper,* 234 Mass. 307.   *Goldman* v. *Ashkins,* 266 Mass. 374.   See *Looney* v. *Saltonstall,* 212 Mass. 69.   That ground need not be traversed again.   Summarily stated, so far as here material, these sections of the statute enable a party to interrogate his adversary to the same extent as would be permissible if he were called as a witness at the trial.   The test in general as to the necessity of making answers to interrogatories is whether they are directed to obtain disclosure of facts admissible in evidence as to which the party interrogated could be required to testify as a witness.   The interrogatories must be proper in form and designed to elicit facts within the knowledge of the party and admissible in evidence upon the issues raised by the pleadings.   This statement is subject to limitations respecting relevant information ob-

tained through such inquiry of his agents, servants and attorneys as will enable the party "to make full and true answers to the interrogatories." That is required by § 62. To this extent a party may be required to state that which is hearsay and which he could not give as a witness testifying upon the trial. There is implicit in our decisions, as well as by the words of § 61, recognition of the principle that fundamental rules as to the admission and exclusion of evidence define and limit interrogatories save as otherwise expressly provided. This conclusion follows also from the terms of G. L. c. 231, § 89, that the "answers of a party to interrogatories filed may be read by the other party as evidence at the trial." The General Court hardly would have enacted in this form that that which was not otherwise competent evidence might be read as evidence at the trial.

Circumstances of the cause of action alleged are that the plaintiff's intestate at the time of the injury was about seventy-eight years old and survived about ninety days; that in this interval he was confined to his house and bed for a considerable period, treated for his injuries by a physician, and was able to go to his office only a few times.

Interrogatory six was in nature admonitory and precatory. If followed, it well might have disclosed the names of witnesses contrary to § 63. It was not cast in the form of a question. It required no answer.

A large group of the interrogatories was designed to adduce from the plaintiff a detailed statement of the manner in which the accident occurred, together with all its attendant conditions. The answer made by the plaintiff to each of these was in substance the same, to the effect that touching those facts he had no personal knowledge; that so far as he had been able to ascertain none of his agents, servants or attorneys had such personal knowledge, and that such information as he had was derived wholly from statements made to him or his attorneys by third persons. Information thus obtained constituted pure hearsay. Upon elementary principles of evidence the plaintiff could not rightly have been a competent witness to testify as to facts thus ascertained.

Another group of interrogatories related to the medical history of the plaintiff's intestate. Some of these were so broad as to time as rightly to have been unanswered, and well might have included irrelevant matter and have led into collateral issues. The answers disclosed all the personal knowledge of the plaintiff or of his servants or attorneys.

The aim of another class of interrogatories was to secure information concerning conversations between the plaintiff's intestate and the defendant or other persons. The plaintiff's answer as to all of those was that he had no personal knowledge and that, so far as he could learn, none of his servants, agents or attorneys had such knowledge, and that all his information touching them was based on statements made by third persons. For reasons already stated he could not be required to answer these questions. Manifestly the plaintiff could not be required to narrate conversations between the defendant or the driver of the defendant's motor car and third persons. Moreover, the plaintiff answered as to these matters the same as to the last mentioned group of interrogatories.

The plaintiff having answered that after the accident he had conversations with his intestate, another interrogatory sought for all that was said by each at each conversation. Plainly this was too broad in scope and a truthful answer might include much that was immaterial or incompetent. Even if it be assumed in favor of the defendant that this inquiry was intended to be limited to conversations concerning the accident, statements by the plaintiff's intestate would not be admissible in evidence unless found by the presiding judge to have been made in good faith as to facts within his personal knowledge. G. L. c. 233, § 65. *Horan* v. *Boston Elevated Railway*, 237 Mass. 245. It cannot be known in advance what finding might be made on this point. If such interrogatories be held admissible, there would be a direct conflict between G. L. c. 233, § 65, requiring the preliminary finding of the trial judge, and G. L. c. 231, § 89, whereby answers of a party interrogated are admissible as evidence when read by the other party. When such answers are read at a trial the party offering them is

bound by them unless they are contradicted by other evidence. *Washburn* v. *R. F. Owens Co.* 258 Mass. 446, 449.

The plaintiff rightly was not required to answer the interrogatory as to the contents of the death certificate. It related to a public record, a proper proof of which was by a certified copy. G. L. c. 46, § 19. *Silva* v. *Fidelity & Casualty Co. of New York*, 252 Mass. 328, 330. The plaintiff could not be required to take the trouble to examine a public record apparently as accessible to one party as to the other. His testimony concerning its contents even after such examination would not ordinarily be competent because there would be better evidence.

The interrogatories need not be further reviewed. No error is disclosed in the orders made.

The case has been considered without reference to St. 1929, c. 303, which took effect after the rulings were made in the trial court.

> *Orders as to motions for further answers*
> *to interrogatories affirmed.*