Bolster, C. J.
This review goes to the scope of permissible interrogation in a suit against a corporate defendant. Section 65 of Chapter 231, Gen. Laws, provides that the mayor of a city may be interrogated “as if he were a party” except “concerning matters of public record.” Section 61 gives the right to interrogate an adverse party “for the discovery of facts and documents admissible in evidence at the trial.” If the question were res integra, a strong argument might be made that “admissibility” related only to documents, (of course admitting that discovery as to facts meant only relevant facts). Except as to real evidence, “autoptic preference” as Wigmore calls it, a “fact” is not “admissible” in evidence. Testimony about the fact may or may not be. cf. Rodman Chemical Co. v. E. F. Houghton Co., 233 Fed. 470.
But precedents, which we cannot ignore, have pretty well established the rule that, except for the limited hearsay exception created by Section 62, questions cannot be put in interrogatories which could not be put if the party interrogated were on the witness stand. Looney v. Saltonstall, 212 Mass. 69. Cutter v. Cooper, 234 Mass. 307. If that test is followed then, considering the wide discretion allowed a trial judge as to the permissible scope, and particularly the permissible restriction of cross examination, *262 the rule of decision would appear to he that reversal could follow refusal to order answers to interrogatories only in cases in which exclusion of the identical question, in oral cross-examination of a party, would amount to prejudicial error.
We are of opinion that the vagueness of interrogatory six and the last part of eighteen was sufficient ground to justify refusal to order answers to be made. The “result” might be that .certain facts were brought to light based on statements by persons not agents of the city, or it might be that certain pipe repairs were made, or it might be that the defendant decided to fight the plaintiff’s claim. The English language is capable of precision in its use and these questions are altogether too much of the dragnet order.
In view of the unqualified negative answers to interrogatory ten, that there was no break or leak in the defendant’s pipes or mains in Brookline Avenue, which was all that was alleged in the plaintiff’s declaration, we do not think there was error in the refusal to order an answer to interrogatory eight. The request that the defendant discover and inform the plaintiff about other possible causes than those alleged to create responsibility on the part of the defendant, hardly requires comment. The same considerations apply to interrogatory nine.
The initial difficulty with interrogatory fourteen, the plaintiff conceding that it cannot require a copy, is that we do not judicially know whether such a report is or is not a “matter of public record”, about which a municipal officer cannot be interrogated. Beyond that, whether such a report would be “admissible in evidence at the trial” never could be known until the trial judge had read it. It might contain nothing but statements made to the investigator by *263 mere strangers, or a statement of opinion as to something not calling for opinion, or something upon which the investigator might he held incompetent to give an opinion, cf. Warren v. DeCoste, 269 Mass. 415. Or it might on inspection appear that to give access to the plaintiff would give him disclosure as to witnesses, as in Spinney v. Boston Elevated Ry. Co., 188 Mass. 30, 37. We do not read this statute as destroying the power and duty of the court to make preliminary inquiries necessary to determine admissibility. The plaintiff did not ask that the report be produced for judicial inspection to determine its admissibility. The interrogatory assumes admissibility, and demands inspection by the plaintiff, not the court. The situation somewhat resembles the right of a party from whom discovery is sought to seal up a part of his books under direction of the court.
In considering the present statute it is obvious that the test of admissibility in evidence may vary a great deal in the course of a trial. If the investigator in this ease were called as a witness, it is entirely possible that his report might become admissible. But the statutory criterion for pre-trial discovery cannot be so varying as to embrace matters of that sort. The fact as to which discovery is permissible must be- a fact intrinsically relevant to the issues of the case, and the evidence of that fact must be such as does not offend against settled rules in the law of evidence. There is no presumption that the “report” here either does or does not meet those requirements, and it is not a document “referred to in the pleadings”, so is not within section 68. All that the plaintiff had a right to insist upon was its production for the court’s inspection.
Report dismissed.