JENNIE GIANNELLI *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

Middlesex.    April 3, 1940. — September 17, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, & QUA, JJ.

*Practice, Civil,* Interrogatories, Agreement of counsel. *Agency,* What constitutes. *Corporation,* Officers and agents. *Insurance,* Life: examining physician, misrepresentations.

A physician employed by a life insurance company to make a physical examination of an applicant for insurance was an agent of the company within G. L. (Ter. Ed.) c. 231, § 62, and in a subsequent action on the policy an officer of the company properly was required under §§ 62, 65, to disclose by his answers to interrogatories the facts learned by the physician in the examination and stated in his report then filed with the company, even though at the time of the interrogation he was no longer employed by the company.

The facts, that an applicant for life insurance previously had been found to have hypertension of the arteries, not in itself a disease, by a physician giving him a routine examination at a school and had been sent to a hospital for a few days, not for treatment but to find the cause of the hypertension, did not show as matter of law that there was an actual intent to deceive or increase the risk of loss within G. L. (Ter. Ed.) c. 175, § 186, by the applicant's negative answers to the questions in his application, whether he had ever been an "inmate" of or "received treatment" at a hospital, or suffered from "any ailment or dis-

ease of . . . the heart," or "consulted" a physician for any other "ailment or disease."

In an action upon a life insurance policy, where a defence was misrepresentation by the insured's statement in his application that he had not been an inmate of a hospital, and the plaintiff conceded at the trial that a "dispensary" where the insured had been for a time was a hospital, it was prejudicial error to refuse a request by the defendant for an instruction that the insured had been an inmate of a hospital.

CONTRACT.   Writ in the Superior Court dated March 24, 1937.

The defendant alleged exceptions to an order by *Baker*, J., that it answer certain interrogatories, and exceptions saved at the trial before *Beaudreau*, J., where there was a verdict for the plaintiff.

*D. E. Murphy*, for the defendant.

*A. C. Walton*, (*A. J. McNulty* with him,) for the plaintiff.

LUMMUS, J.   This is an action of contract by the beneficiary under a policy of life insurance for $5,000, issued by the defendant on September 17, 1936, to an unmarried medical student then nearly twenty-four years old.   He died on January 16, 1937, of heart disease caused by hypertension of the arteries.   Section 4 of the "Provisions and Benefits" in the policy is as follows: "Entire Contract: — This Policy and the application therefor, a copy of which is attached hereto as a part hereof, constitute the entire contract between the parties, and all statements made by the Insured shall, in the absence of fraud, be deemed representations and not warranties, and no statement shall avoid this Policy or be used in defense of a claim hereunder unless it be contained in the application therefor."   The insured signed the following, which appeared at the bottom of Part A of the application: "It is understood and agreed: 1. That the foregoing statements and answers are correct and wholly true, and, together with the answers to questions on Part B hereof [which with Part A comprised the whole application], they shall form the basis of the contract of insurance, if one be issued."   The defence is based upon allegations of misrepresentations in answers by the insured to questions contained in Part B of the application.   The plaintiff got a verdict.   The defendant, on its

exceptions, argues (1) that the judge who ordered an officer of the defendant to answer certain interrogatories erred in so doing, and that the judge who presided at the trial erred in allowing the answers to those interrogatories to be read in evidence, (2) that a verdict in favor of the defendant should have been directed, and (3) that certain instructions requested by the defendant should have been given.

By the first bill of exceptions the defendant assails an order requiring an officer of the defendant to answer interrogatories as to the findings reported to the defendant by a physician named MacDonald who was employed by the defendant pursuant to G. L. (Ter. Ed.) c. 175, § 123, to make a physical examination of the insured on September 13, 1936, shortly before the policy was issued. The essence of those findings was that the insured had a normal blood pressure. The ground of the exception is, that interrogatories to a corporate officer can require the disclosure of only such facts as are within the personal knowledge either of that officer or of "agents, servants and attorneys" of the defendant (G. L. [Ter. Ed.] c. 231, §§ 62, 65. *Warren* v. *Decoste*, 269 Mass. 415. *Gunn* v. *New York, New Haven & Hartford Railroad*, 171 Mass. 417, 420–421), and that the physician is not an "attorney" and is neither "agent" nor "servant."

Clearly he is not a servant. *O'Brien* v. *Cunard Steamship Co.* 154 Mass. 272, 276. *Pearl* v. *West End Street Railway*, 176 Mass. 177, 179. *Roosen* v. *Peter Bent Brigham Hospital*, 235 Mass. 66, 74. *McMurdo* v. *Getter*, 298 Mass. 363, 368. In his examination he was not subject to any control of his physical acts or his mental operations by the defendant. But one may be an agent without being a servant. Am. Law Inst. Restatement: Agency, §§ 1, 2, 220 (1), Comment c. For example, a salesman operating his own automobile on the business of his employer has been held not to be a servant as to the physical act of operation. *Khoury* v. *Edison Electric Illuminating Co.* 265 Mass. 236, 60 Am. L. R. 1159, and note. *Hardaker's Case*, 274 Mass. 7. *Child's Case*, 274 Mass. 97. *Wescott* v. *Henshaw Motor Co.* 275 Mass. 82, 87. *Manley's Case*, 280 Mass. 331. Compare

*Singer Manuf. Co.* v. *Rahn,* 132 U. S. 518; *Still* v. *Union Circulation Co. Inc.* 101 Fed. (2d) 11, 13.

A medical examiner for an insurance company, like the physician in this case, is an agent of the company at least in receiving the answers of the applicant to the questions contained in the application, and in transmitting them with his report of his examination to the company. *Masonic Life Association* v. *Robinson,* 149 Ky. 80, 41 L. R. A. (N. S.) 505, and note. *Sternaman* v. *Metropolitan Life Ins. Co.* 170 N. Y. 13, 25. *Lyon* v. *United Moderns,* 148 Cal. 470, 475–476. *Old Colony Life Ins. Co.* v. *Julian,* 175 Ark. 359. *Metropolitan Life Ins. Co.* v. *Hart,* 162 Va. 88. *Hale* v. *Sovereign Camp Woodmen of the World,* 143 Tenn. 555. In *Woodburn* v. *Standard Forgings Corp.* 112 Fed. (2d) 271, a medical examiner for the defendant corporation was held its agent for the purpose of making representations to its employee as to his injury, which misled him into suffering his right to compensation to become barred by a statute of limitations. The physician in the present case was an "agent" within the statute, and the facts shown by his report were properly ordered disclosed. *Anderson* v. *Bank of British Columbia,* 2 Ch. D. 644. *Hall* v. *London & North-Western Railway,* 35 L. T. (N. S.) 848. *Alliott* v. *Smith,* [1895] 2 Ch. 111. *County Council of Kerry* v. *Liverpool Salvage Association,* [1905] 2 I. R. 38.

If the physician has ceased to be an agent for the defendant, that makes no difference. Although an interrogated officer may not be required to make inquiry of agents who are no longer in the employ of the corporation (*Gunn* v. *New York, New Haven & Hartford Railroad,* 171 Mass. 417, 420), here inquiry has already been made and the information placed on file with the corporation in the form of a report by the physician of facts observed by him. This meets the general test that the facts must be such that the agent could be required to testify to them. *Warren* v. *Decoste,* 269 Mass. 415, 417, 418. There was no error in requiring answers to the interrogatories. *A fortiori,* there was no error in admitting the answers in evidence.

We consider now the exceptions taken at the trial. G. L.

(Ter. Ed.) c. 175, § 186, provides: "No oral or written misrepresentation or warranty made in the negotiation of a policy of insurance by the insured or in his behalf shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter misrepresented or made a warranty increased the risk of loss." Even though put in the form of a warranty, a representation contained in the application or in the policy itself, falls within the statute. *White* v. *Provident Savings Life Assurance Society,* 163 Mass. 108. *Barker* v. *Metropolitan Life Ins. Co.* 198 Mass. 375, 383, 384. *Everson* v. *General Accident, Fire & Life Assurance Corp. Ltd.* 202 Mass. 169. *Bolta Rubber Co. Inc.* v. *Lowell Trucking Corp.* 304 Mass. 426, 428–429. Only conditions, as distinguished from representations and warranties, lie outside the statute. *Kravit* v. *United States Casualty Co.* 278 Mass. 178. *Faris* v. *Travelers Indemnity Co.* 278 Mass. 204. *Lopardi* v. *John Hancock Mutual Life Ins. Co.* 289 Mass. 492. In the present case, we have representations only, and neither warranties nor conditions. Under the statute, any misrepresentation in this case is ineffective to defeat or avoid the policy unless the defendant proves (*Barker* v. *Metropolitan Life Ins. Co.* 198 Mass. 375, 383, 384; *Monjeau* v. *Metropolitan Life Ins. Co.* 208 Mass. 1, 7; *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450, 452; *Schiller* v. *Metropolitan Life Ins. Co.* 295 Mass. 169, 171) that it either (a) was made with actual intent to deceive, or (b) related to a matter the truth as to which, as compared with the representation, increased the risk of loss. *Rainger* v. *Boston Mutual Life Association,* 167 Mass. 109, 111. *Gabbett* v. *Connecticut General Life Ins. Co.* 303 Mass. 433.

The material questions in the application are the following, and to each of them the insured answered "No." "5. Have you ever been an inmate of, or have you ever received treatment at an asylum, hospital, sanatorium or cure? If yes, give date, duration, name of ailment and name of institution. . . . 11. Have you ever suffered from any ailment or disease of . . . (b) The Heart or Lungs?

. . . 12 (g) Have you consulted a physician for any ailment or disease not included in your above answers?"

The testimony of the plaintiff — the only evidence binding upon her, *United States Fidelity & Guaranty Co.* v. *English Construction Co.* 303 Mass. 105, 110 — was that the insured was never seriously ill. When the insured entered the medical school in the autumn of 1935, he had to be examined by the physician for the school, who found a high blood pressure or hypertension of the arteries. The physician himself testified that that is not of itself a disease, although it may result from disease or be associated with disease. He testified that he sent the insured to the Boston Dispensary, not for treatment, but to find the cause of the hypertension. It did not appear that the insured learned any cause, or that any cause was found. He was there only three or four days. He apparently received no treatment, and very likely did not realize that he could be described as an "inmate" of a "hospital." He was not informed that his blood pressure was extremely high. He apparently did not consider the hypertension a disease of the heart, if indeed it was such. He did not consult the physician "for any ailment or disease," but was examined by him as a matter of school routine. His relations with another physician were friendly rather than professional. It was not shown that the insured as matter of law had any actual intent to deceive. Even though there was misrepresentation in the answers, it could not be ruled as matter of law that there was any increase in the risk of loss. *Schiller* v. *Metropolitan Life Ins. Co.* 295 Mass. 169, 177, 178. On all the evidence there was a case for the jury.

But with respect to having been an "inmate" of a "hospital," there were three questions, (a) whether the insured had been such, and, if so, (b) whether his denial of the fact was made with actual intent to deceive, and (c) whether the matter misrepresented increased the risk of loss. If the first question should be answered in favor of the plaintiff, that would be the end of the defence. But if the first question should be answered in favor of the defendant, the parties would still be entitled to go to the jury on the other

two questions. During the taking of testimony counsel for the defendant was examining a witness as to the nature of the diagnostic department of the Boston Dispensary, where the insured spent a few days, in the endeavor to show that it was a hospital. See *Burke* v. *John Hancock Mutual Life Ins. Co.* 290 Mass. 299, 304. Counsel for the plaintiff objected. After some discussion, counsel for the defendant asked him, "Will you concede it is a hospital?" Counsel for the plaintiff answered, "All right, if that will please you, go ahead." Thereupon counsel for the defendant ceased his effort to prove by testimony that it was a hospital. The defendant apparently accepted and relied on the concession of the plaintiff that it was a hospital. It was entitled to have the judge instruct the jury, as requested by its request numbered 24, that the insured had been an "inmate" of a "hospital," and consequently that there was a misrepresentation. Instead, the judge said in his charge, "Some testimony was presented to you as to whether or not that was a hospital. It has been called a dispensary." Apparently the question whether it was a hospital or not was left to the jury. We cannot say that the verdict for the plaintiff was not the result of a finding by the jury that the institution was not a hospital. If so, the error in refusing the request was prejudicial to the defendant. The exceptions of the defendant to the refusal to instruct the jury that the insured had been an inmate of a hospital, and misrepresented the fact in his application, must be sustained.

*Exceptions sustained.*