METROPOLITAN LIFE INSURANCE COMPANY *vs.* BLANCHE E. BURNO, executrix, & others.

Suffolk.   January 10, 1941. — April 7, 1941.

Present: FIELD, C.J., DONAHUE, LUMMUS, & QUA, JJ.

*Insurance,* Life: representation, warranty, application.

A question by a life insurance company's examining physician to an applicant for insurance who had no medical knowledge, whether he had ever had a disease or ailment of the stomach, did not call for an answer made as of the applicant's actual knowledge but merely for an answer giving his opinion or the best of his knowledge and belief.

An answer by an applicant for life insurance to the insurer's examining physician, that he never had had any ailment or disease of the stomach, was a mere representation and not a warranty or condition, and was not a "misrepresentation" within G. L. (Ter. Ed.) c. 175, § 186, where it appeared that the applicant was not shown to have medical knowledge, that he did not know that he had such disease and that his answer was made in good faith; and such answer did not require cancellation of the policy although its falsity increased the risk of loss.

A suit in equity by an insurer for rescission of a policy of life insurance on the ground that the insured, when applying for the policy, had given to the insurer's physician an untrue answer that he had not consulted a physician within five years, rightly was dismissed where the judge stated that he was "unable to find, on all the evidence . . . that the answer" was made by the insured "in bad faith with intent to deceive the plaintiff, or that the matter misrepresented . . . increased the risk of loss under the policy."

BILL IN EQUITY, filed in the Superior Court on February 16, 1939, against Winfred E. Burno and others, copartners doing business under the name of Bay State Laundry Company.

The case was heard by *F. T. Hammond*, J.

*A. L. Hyland*, for the plaintiff.

*B. B. Priest*, (*E. R. Hale* with him,) for the defendants.

LUMMUS, J.   This is a bill to rescind and cancel a policy of life insurance issued by the plaintiff on July 1, 1938, on the life of Winfred E. Burno, the beneficiary being a partnership of which he was a member.   One ground upon which relief is asked is that the insured, on May 21, 1938, made an untrue answer "No" to a question in the application for the policy, which question purported to be addressed to him by the medical examiner for the plaintiff.   The question was this: "Have you ever had any ailment or disease of . . . (c) The stomach or intestines, liver, kidneys or genitourinary organs?"

The judge found "that the statement made by the defendant [insured] in his application for a policy that he had never had any ailment or disease of the stomach was not true, because at the time of his application he had cancer of the stomach.   But I find that he did not at that time or before the policy was issued know that he had such disease and that the statement was made in good faith."   From a decree dismissing the bill with costs the plaintiff appealed.   After the appeal the insured died, and the executrix of his will was made a defendant.

The answer in question is a representation only, not a warranty or condition.   At common law the falsity of a representation does not constitute deceit or furnish a justification for rescission unless the representation was made with knowledge of its falsity, or was made of one's own

knowledge in a matter susceptible of knowledge without having knowledge. *Harris* v. *Delco Products, Inc.* 305 Mass. 362. Compare *Howard* v. *Barnstable County National Bank of Hyannis*, 291 Mass. 131, 136; *New England Foundation Co. Inc.* v. *Elliott & Watrous, Inc.* 306 Mass. 177, 183; *Schleifer* v. *Worcester North Savings Institution*, 306 Mass. 226, 227, 228. The question in the application could not be answered categorically with absolute certainty by the ordinary applicant for insurance, if by any one. The applicant in this case, who was in the laundry business, is not shown to have had any medical knowledge. The finding that at the time of the application he had cancer of the stomach is based upon the conclusion of a physician who examined him in September, 1938, discovered his condition, and inferred that the cancer had existed for some time. The question could not, consistently with the principle that questions of doubtful meaning in an insurance application are construed against the insurer that drafted them (*Koshland* v. *Columbia Ins. Co.* 237 Mass. 467, 471, 472; *Bergholm* v. *Peoria Life Ins. Co.* 284 U. S. 489, 492), be construed as calling for more than an opinion, or a statement to the best of the applicant's knowledge and belief. *Moulor* v. *American Life Ins. Co.* 111 U. S. 335. *Underwriters' Finance Corp.* v. *Union Indemnity Co.* 61 Fed. (2d) 865. *Pilot Life Ins. Co.* v. *Dickinson*, 93 Fed. (2d) 765. *Sommer* v. *Guardian Life Ins. Co.* 281 N. Y. 508. *Shapiro* v. *Metropolitan Life Ins. Co.* 114 N. J. Eq. 378. *National Life & Accident Ins. Co.* v. *Wicker*, 171 Okla. 241, 100 Am. L. R. 357. *Evans* v. *Penn Mutual Life Ins. Co.* 322 Penn. St. 547. Williston, Contracts (Rev. Ed.) § 1500, note 6. Any other construction would make such a question a trap.

A more stringent construction given to conditions (*Gallant* v. *Metropolitan Life Ins. Co.* 167 Mass. 79; *Lee* v. *Prudential Life Ins. Co.* 203 Mass. 299; *Lopardi* v. *John Hancock Mutual Life Ins. Co.* 289 Mass. 492; *Mutual Life Ins. Co.* v. *Royal*, 291 Mass. 487, 489) or to warranties apart from G. L. (Ter. Ed.) c. 175, § 186 (*Miles* v. *Connecticut Mutual Life Ins. Co.* 3 Gray, 580; *Collins* v. *Casualty Co.* 224 Mass. 327, 331), would not govern the present case.

It is true that in *Campbell* v. *New England Mutual Life Ins. Co.* 98 Mass. 381, 396, it was held that an instruction "that an untrue statement innocently made, in regard to a latent disease, of which the applicant was unconscious, would not avoid the policy," was incorrect.  The statements made in that case related to the spitting of blood, which was a plain matter of fact, as well as to the existence of bronchitis, consumption, or disease of the lungs, which might be more difficult to diagnose.  The cases cited in the opinion are remote from the question now before us.  The cases in which that case has been cited show no reaffirmance of the case on this question.  So far as that case is at variance with what is here decided, we do not follow it.  The same is true of *Vose* v. *Eagle Life & Health Ins. Co.* 6 Cush. 42, so far as expressions in that case may conflict with what is here decided.  In other cases it has been assumed rather than decided that a representation that no disease exists is to be taken literally.  *Kelly* v. *Mutual Life Ins. Co.* 207 Mass. 398.  *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450.  *Smardon* v. *Metropolitan Life Ins. Co.* 243 Mass. 599.  *Glass* v. *Metropolitan Life Ins. Co.* 258 Mass. 127.  *Giannelli* v. *Metropolitan Life Ins. Co.* 307 Mass. 18.  On the other hand, in *Kidder* v. *United Order of the Golden Cross,* 192 Mass. 326, 333, it was said of answers relating to "past and present condition of bodily health" that "being representations only they would not defeat the contract unless intentionally false and material to the risk." See also *Sentinel Life Ins. Co.* v. *Blackmer,* 77 Fed. (2d) 347.

The plaintiff contends that, though there was no "actual intent to deceive," the "matter misrepresented . . . increased the risk of loss," and consequently the words of G. L. (Ter. Ed.) c. 175, § 186, entitle it to relief.  Innocent misrepresentation, in insurance policies as in other instruments, may be constructive fraud where the applicant stated as a fact something material to the risk which was susceptible of knowledge, and it turns out to be untrue, although he believed it to be true.  *Rainger* v. *Boston Mutual Life Association,* 167 Mass. 109.  *Ring* v. *Phoenix Assurance Co.* 145 Mass. 426.  *Glidden* v. *United States Fidelity &*

*Guaranty Co.* 198 Mass. 109, 113. Under those circumstances it may furnish ground for the avoidance of the policy at common law, where the parties agree that the representation is material, whether it is so or not. *Campbell* v. *New England Mutual Life Ins. Co.* 98 Mass. 381, 405–407. But, generally speaking, in representations "substantial truth in everything material to the risk is all that is required of the applicant" at common law. Gray, J. in *Phoenix Life Ins. Co.* v. *Raddin,* 120 U. S. 183, 189. On the other hand, if the insured makes a warranty, "its exact and literal truth is a necessary condition of his right to recover, however immaterial the statement may be, and however honest may have been his conduct." *White* v. *Provident Savings Life Assurance Society,* 163 Mass. 108, 115. *Everson* v. *General Accident, Fire & Life Assurance Corp. Ltd.* 202 Mass. 169, 173. *Daniels* v. *Hudson River Fire Ins. Co.* 12 Cush. 416. *Forbush* v. *Western Massachusetts Ins. Co.* 4 Gray, 337, 340.

G. L. (Ter. Ed.) c. 175, § 186, was intended to make a breach of warranty no more onerous for the insured than a false representation. This statute, it has been said, was declaratory as to representations, but changed the law as to warranties. *Barker* v. *Metropolitan Life Ins. Co.* 198 Mass. 375, 383, 384. Even if the statute is taken to provide a new statutory rule covering both (*White* v. *Provident Savings Life Assurance Society,* 163 Mass. 108, 115; *Barker* v. *Metropolitan Life Ins. Co.* 198 Mass. 375, 384), upon the construction that we have given to the question and answer there was no "misrepresentation" and the statute does not apply. If it did apply the defendants could not prevail, for cancer, where there has been a misrepresentation that it does not exist, increases the risk as matter of law. *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450, 453. *Smardon* v. *Metropolitan Life Ins. Co.* 243 Mass. 599. *Schiller* v. *Metropolitan Life Ins. Co.* 295 Mass. 169, 178.

The other ground upon which relief is asked is that the insured made an untrue answer "None" to a question in the application for the policy, which read: "What clinics,

hospitals, physicians, healers or other practitioners, if any, not named above, have you consulted or been treated by, within the past five years?" The judge found that this answer was untrue, because the insured had consulted a physician shortly before making the application, complaining of belching gas, stomach ache, heartburn and constipation.[1] But the burden of proof was on the plaintiff (*Schiller* v. *Metropolitan Life Ins. Co.* 295 Mass. 169, 171) to show actual intent to deceive, or increase in the risk of loss. G. L. (Ter. Ed.) c. 175, § 186. *Kidder* v. *United Order of the Golden Cross*, 192 Mass. 326, 334. *De Guzzi* v. *Prudential Ins. Co.* 242 Mass. 538. *Foss* v. *Mutual Life Ins. Co.* 247 Mass. 10, 15. *Giannelli* v. *Metropolitan Life Ins. Co.* 307 Mass. 18. On the evidence we think the judge was right in finding for the defendants on these issues.

*Decree affirmed with costs.*