Keniston, G. J.
This is an action of contract in which the plaintiff seeks to recover as beneficiary on two insurance policies issued by the defendant on the life of Jack Frank in the sum of $1000.00' each.
The defendant’s answer admits that it issued the two policies on March 1, 1941 and May 1, 1941, respectively, but alleges that in making application for the policies the insured made misrepresentations and warranties with actual intent to deceive and about matters which increased the risk of loss and that said misrepresentations and warranties are contained in the written application attached to the policies.
At the trial there was evidence tending to show: The insured died July 26, 1941, of chronic myelogenous leukemia *262 with spinal thrombosis and paraplegia. The proofs of loss submitted by the plaintiff stated that the insured suffered from this disease for years. In the application, a copy of which was attached to each policy when issued, and Part B of which was signed by the insured February 2,1941, the insured made the following answers to the following questions :
6. What is your present condition of health? Answer: Good.
7(a) When last sick? Answer: 1927.
7(b) Nature of last sickness? Answer: T. & A. Operation. (c) How long sick? Answer: Successful.
9. Have you ever been an inmate of a hospital, sanitorium, asylum of cure, whether for observation, examination or treatment? If yes, give date, duration, nature of ailment and name of institution. Answer: See 7 (b).
10. How much time have you lost from school or work through illness during the last five years ? Give particulars. Answer: No.
17. Name and address of your usual medical attendant? Answer: None.
22(a) Have you ever had any illness or occupational disease? Answer: No.
23. What clinics, hospitals, physicians, healers or other practitioners, if any, have you consulted or been treated by, within the past five years? If none, so state. Answer: None.
The insured was admitted to the Soldiers’ Home Hospital, Chelsea, on June 12,1940, complaining of loss of weight and of feeling tired and weak. He was discharged on September 13, 1940, to the Out-Patient Department with the diagnosis of myelogenous leukemia and the prognosis grave; the insured’s blood count was taken. He was again ad *263 xnitted on April 11,1941, and discharged June 13,1941. He was again admitted June 25, 1941, and died there July 26, 1941.
"While the insured was in the Soldiers’ Home Hospital, July 24, 1940, Dr. William Dameshek saw him. He was then in bed. Dr. Dameshek saw him and treated him from time to time both in the hospital and at his office up to the time of his death. The insured’s teeth were extracted while he was in the hospital in 1940. He was at Dr. Dameshek’s office in January, 1941 and looked well. Dr. Dameshek took his blood count and had X-rays made and made the diagnosis of chronic myelogenous leukemia. The insured’s appearance was healthy. The existence of leukemia can only ibe determined by a blood count. The doctor did not tell the insured he was suffering from leukemia. Leukemia shortens a person’s expectancy of life to a very considerable degree.
At the close of the trial and before the final arguments, the defendant made 24 requests for rulings, which with the disposition thereof by the trial judge [in italics], were as follows:
“1. The evidence does not warrant a finding for the plaintiff on the first count of her declaration. Denied 2. The evidence does not warrant a finding for the plaintiff on the second count of her - declaration. Denied. 3. The evidence warrants a finding for the defendant on the first count of the declaration. Warrants but does not require. I find on the facts that the omissions in this application for insurance were a blameless oversight not amounting to a material misrepresentation and deceased did not intend to deceive. 4. The evidence warrants a finding for the defendant on the second count of the declaration. Denied. See 3. 5. If the insured in his application for the policies *264 in suit made a misrepresentation with actual intent to deceive, the plaintiff cannot recover. Granted but see 3. 6. If the insured in his application for the policies in suit made a misrepresentation or warranty of a matter which increased the risk of loss, the plaintiff cannot recover. Granted but see 3. 7. The statements made in the applications attached to the policies in suit and over the insured’s signature are binding on the plaintiff as statements of the insured. Granted but see 3. 8. If the insured in his application attached to the policies in suit stated that he was last sick in 1927 and had last been in a hospital then and had consulted or been treated by no physicians for five years prior to February 2, 1941, and it appears that he was treated by a physician in 1940 and was in a hospital during 1940 for a condition diagnosed as myelogenous leukemia, the plaintiff cannot recover. Denied. See 3. 9. The evidence warrants a finding that the misrepresentations by the insured were made with actual intent to deceive. Denied. I find on facts, no material representation was made. See 3. 10. The evidence warrants a finding that the misrepresentations and warranties by the insured were of a matter or matters which increased the risk of loss. Denied. See 9 and 3. 11. The insured is presumed to have known his physical history in answering the questions on the application. Granted. 12. If the insured in making application for the policies stated as a fact something material to the risk which was susceptible of knowledge and which was untrue, the plaintiff cannot recover even though the insured believed it to be true. Granted as a proposition of law, but see 3. 13. It is immaterial in this case whether or not the insured knew he had leukemia. Denied. 14. Leukemia is a disease material to the risk of loss as a matter of law. Granted. 15. The failure of the insured to tell of his con- *265 suiting or treatment by a physician in 1940 is a misrepresentation of a fact susceptible of knowledge. Denied. See 3. 16. If the insured said he was last sick in 1927 and that was not true, such a fact is susceptible of knowledge, and the plaintiff cannot recover whether or not the insured knew what his sickness was. Denied. See 3. 17. If the insured said the condition of his health was good when it was not good, and the fact was susceptible of knowledge, the plaintiff cannot recover even though the insured did not know he was suffering from leukemia. (The court did not indicate any action on this request.) 18. The failure of the insured to tell of his attendance at the Soldiers ’ Home Hospital is a misrepresentation of a fact susceptible of knowledge and material to the risk. Denied. See 3. 19. The insured is presumed to have known whether or not he consulted or was treated by a physician in 1940. Granted. 20. The insured is presumed to have known whether or not he was an inmate of a hospital in 1940. Granted. 21. As part B of the application was signed by the insured, he is presumed to have made the answers to the questions which appear therein. Granted. 22. The plaintiff is bound by the answers made over the signature of the insured in Part B of the application. Granted. 23. Any conversation which the insured may claim to have had with the agent who wrote the policy is incompetent and immaterial. Granted. 24. Any conversation which the insured may claim to have had with the physician who examined him for the insurance is incompetent and immaterial. Granted.”
The court found the facts as stated above in the disposition of the defendant’s requests for rulings and found for the plaintiff on the declaration.
Thereafter the defendant seasonably filed a motion for a new trial on the ground that the court’s general finding and *266 the subsidiary finding to the effect that omissions in the application for insurance were a blameless oversight not amounting to a material misrepresentation, and the deceased did not intend to deceive, and to the effect that no material representation was made are inconsistent with the granting of the defendant’s requests for rulings numbered 11,12,14,19, 20 and 21.
Before the argument on this motion the defendant filed the following requests for rulings thereon: “1. As a matter of law, the court’s general finding and subsidiary findings in the trial are inconsistent with the granting of the defendant’s request for ruling 11 therein. 2. As a matter of law, the court’s general finding and subsidiary findings in the trial are inconsistent with the granting of the defendant’s request for ruling 12 therein. 3. As a matter of law, the court’s general finding and subsidiary findings in the trial are inconsistent with the granting of the defendant’s request for ruling 14 therein. 4. As a matter of law, the court’s general finding and subsidiary findings in the trial are inconsistent with the granting of the defendant’s request for ruling 19 therein. 5. As a matter of law, the court’s general finding and subsidiary findings in the trial are inconsistent with the granting' of the defendant’s request for ruling 20 therein. 6. As a matter of law, the court’s general finding and subsidiary findings in the trial are inconsistent with the granting of the defendant’s request for ruling 21 therein. ”
After hearing, the court denied the motion for a new trial without terms and took no action on any of the requests for rulings thereon.
The defendant claims to be aggrieved by the court’s denial of its requests for rulings at the trial numbered 1, 2, 4, 8, 9,10,13,15,16,17 and 18, by the court’s disposition, of *267 its request for ruling at the trial numbered 3, by the court’s denial of its motion for a new trial, by the court’s refusal to grant its requests for rulings on said motions numbered 1 to 6 inclusive, and by the claimed inconsistency between the court’s general and subsidiary findings and the granting of the defendant’s requests for rulings at the trial numbered 11,12,14, 19, 20' and 21.
At the oral argument before this division, the defendant waived its appeal upon requests numbered 16, 22, 23 and 24.
Gen. Laws, (Ter. Ed.) chap. 175, sec. 186 provides that: “No oral or written misrepresentation or warranty made in the negotiation of a policy of insurance by the insured or in his behalf shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter misrepresented or made a warranty increased the risk of loss.”
Under this provision of the statute, any misrepresentation is ineffective to defeat or avoid the policies unless the defendant proves that it either was made with intent to deceive or related to a matter the truth as to which, as compared with the representation, increased the risk of loss. Metropolitan Life Ins. Co. v. Burno, 309 Mass. 7. Barker v. Metropolitan Life Ins. Co., 198 Mass. 375. Monjeau v. Metropolitan Life Ins. Co., 208 Mass. 1. McDonough v. Metropolitan Life Ins. Co., 228 Mass. 450. Giannelli v. Metropolitan Life Ins. Co., 307 Mass. 18. Kidder v. Order of Golden Cross, 192 Mass. 326. Schiller v. Metropolitan Life Ins. Co., 295 Mass. 169.
“This is an affirmative defense and the burden of proof rests upon the defendant. It is rarely that it can be ruled as a matter of law that this burden of proof has been sus *268 tained.” McDonough v. Metropolitan Life Ins. Co., 228 Mass. 450, 452.
In almost all cases these are facts to be determined by the trial court. In the denial of the defendant’s first two requests therefore, there is no error.
Upon request No. 3, “The evidence warrants a finding for the defendant on the first count of the declaration,” the court ruled, “Warrants but does not require. I find on the facts that the omissions in the application for insurance were a blameless oversight not amounting to a material misrepresentation and deceased did not intend to deceive.” The evidence did warrant a finding for the defendant but did not require it. The ruling, “Warrants but does not require” was a proper ruling. The findings of fact in explanation of the ruling, although incomplete to have justified a denial of the request as immaterial, as will appear later, were not necessary to explain the ruling, nor did they make such ruling erroneous. “A right ruling will be upheld although the reasons given by the trial judge are wrong.” Williams v. Pittsfield Lime & Stone Co., 258 Mass. 65, 71. Noyes v. Caldwell, 216 Mass. 525, 527.
Bequest No. 4 is the same as request No. 3 but it is directed only at the policy declared on in count 2 of the declaration. The ruling was, “Denied. See 3.” This request was a proper request. It should not have been denied unless the findings of fact in connection with request No. 3, showed it was immaterial or not prejudicial. The special findings made in request No. 3, are: “I find on the facts that the omissions in the application for insurance were a blameless oversight not amounting to a material misrepresentation and deceased did not intend to deceive.” A fair interpretation of these findings as stated seems to be that at least some, if not all, of the “omissions” or statements *269 made by the assured in the application were not true but that they were not material and were not made with intent to deceive. There is no finding that the misrepresentations did not increase the risk of loss. Such a finding was essential to justify the denial of this request. See Metropolitan Life Ins. Co. v. Burno, supra, and other cases cited.
While the court may have felt that the finding that they were “a blameless oversight not amounting to a material misrepresentation” implied a finding that they did not increase the risk of loss, it does not seem to be a necessary implication and the court should have expressly so found if it so intended. The defendant was entitled to have the ruling* granted or to a statement of special findings of fact showing that the denial was immaterial. Hoffman v. Chelsea, 315 Mass. 54, 56 and cases cited. Neither is it clear why the court granted request No. 3 and denied request No. 4 as they are identical requests but applying to separate policies, and the evidence as applying to both policies was the same. However the error in denying this request applies only to count 2 and would not require a new trial as to count 1.
For the same reason there would seem to be error in the ruling “Denied, See 3.” upon the defendant’s 8th request. “If the insured in his application attached to the policies in suit stated that he was last sick in 1927 and had last been in a hospital then and had consulted or been treated by no physicians for five years prior to February 2, 1941, and it appears that he was treated by a physician in 1940' and was in a hospital during* 1940 for a condition diagnosed as myelogenous leukemia, the plaintiff cannot recover. ’ ’ While the court might not have found these facts to have been proved, the ruling, in effect, is a ruling as a matter of law that even though these statements were not true the plaintiff can still recover because such statements were not ma *270 terial and were not made with intent to deceive. Again to justify the denial of this request as immaterial there should have been a finding of fact that the misrepresentation did not increase the risk of loss. See Metropolitan Life Ins. Co. v. Bruno, 308 Mass. 7, 12 and footnote, page 12.
Upon request No. 10, “The evidence warrants a finding that the misrepresentations and warranties by the insured were óf a matter or matters which increased the risk of loss,” the ruling was “Denied. See 9 and 3.” The ruling should not have been denied unless the findings of fact or rulings upon requests numbered 9 and 3 showed that its denial was immaterial. The ruling on request No. 9 is “Denied. I find on facts, no material representation was made. See 3.” In neither of the findings of facts in connection with these two requests is there a finding of fact that the misrepresentations did not increase the risk of loss.
The trial judge “must correctly instruct himself as to the governing principles of law and must pass upon pertinent requests for rulings of law presented to' him for this purpose in such a way as to make sure that he has not fallen into error.” Home Savings Bank v. Savransky, 307 Mass. 601, 603; Povey v. Colonial Beacon Oil Co., 294 Mass. 86, 93; Hetherington & Sons v. William Firth Co., 210 Mass. 8, 18, 19.
“He must adopt correct rules of law for his guidance and find the facts as guided by these rules. And upon proper requests therefor he must state the rules of law adopted by him for his guidance as a trier of fact in order that the right of review thereof may be preserved.” Perry v. Hanover, 314 Mass. 167, 173.
For these reasons alone we feel that there was prejudicial error and that a new trial should be ordered.
*271 It seems unnecessary to consider further the other questions raised by the defendant by its appeal.
The defendant contends that the court by granting request No. 14, “Leukemia is a disease material to the risk of loss as a matter of law, ’ ’ had made this the law of the case and that it requires a finding for the defendant. This might be so if the court had found as a fact that the insured was suffering from leukemia and had misrepresented this fact. The court has not so found. Nowhere does it appear which of the statements of the insured the court found to be untrue, nor that all the statements were untrue, nor does the granting of this request imply that the court found that the insured was suffering from this disease. Dubois v. Goldstein, 277 Mass. 139. Moreover there is no denial by the applicant in the answers to the questions in the application, as set forth in the report, that he had leukemia, other than the statements that he was last sick in 1927 when he had a “ T. & A. Operation”, which was successful, and that he had never had ‘ ‘ any illness or occupational disease. ’ ’ The applicant had no actual knowledge that he had leukemia nor was such fact susceptible of knowledge other than from the diagnosis of the physician who attended him while he was in the Soldiers’ Home Hospital in the summer of 1940 and again in January, 1941, and of which diagnosis the applicant was not informed. Such statements, even if they could be assumed to include a denial that he had such a disease, would, as to such denial, be at best an expression of opinion or a statement to the best of the applicant’s knowledge and belief. Metropolitan Life Ins, Co. v. Burno, 309 Mass. 7, 9. New trial ordered.