*Northern District*

No. 9561

**MARY J. GULLOTTI**

**v.**

**METROPOLITAN LIFE
INSURANCE COMPANY**

Argued: Jan. 12, 1971 - Decided: May 13, 1971

*Present:* Parker, P. J., Cowdrey, Durkin, Flaschner, JJ.

Case tried to Connolly, J. in the Second District Court of Eastern Middlesex No. 7490.

**Flaschner, C.J.** Action of contract to recover the sum of $5,476.00 representing the proceeds of a life insurance policy on the life of Anthony J. Gullotti, Jr. of which the plaintiff, the insured's mother, was the beneficiary. Defense is based on alleged "willfully false, fraudulent or misleading statements" in the application for the policy, proof of which the defendant is not debarred from establishing (Mass. G.L. c. 175, § 124) and the alternative allegation that "the matter misrepresented . . . increased the risk of loss." G.L. c. 175, § 186.

**There was evidence that:** The insured was nineteen years old on *July 1, 1966* when the policy was issued *without a medical examination* and without the consent of the insured's parents deemed then to have had legal custody of the minor insured. The insured died on *June 5, 1968* within the period before the policy under its terms became incontestable. The cause of death was cancer. The $10.45 monthly premium on the subject endowment at sixty-five policy had been fully paid as of the date of death in the aggregate amount of $240.35.

From June 14, 1965 to June 24, 1965 the insured had been a patient at the Children's Hospital during which an egg-sized mass was surgically excised from his left foot. For the next two months the insured went to the Jimmy Fund Building on twenty-five different days to receive x-ray treatments, and on twenty-two days during the same period he received injec-

tions of Actinomycin D. On at least six additional occasions the insured made out-patient visits to the Children's Hospital until his admission as an in-patient in December, 1965 when a lump on his chest was surgically excised. There were no less than three additional out-patient visits to the hospital before he applied for the subject policy on June 20, 1966, the last of which was on May 17, 1966 at which time he complained of fatigue and a couple of lumps on his right foot, but the hospital record of that visit also shows the examining doctor's impression and comments were that the patient was ''clinically doing well with no evidence of active or recurrent disease . . . no evidence for special treatment . . . . will return for follow-up on 8 November . . . . sooner if anything alarming occurs that might bear some relationship to the previous malignancy.''

On the *June 20, 1966* application the insured stated as ''correctly written . . . true and complete'' the following: he had not lost any time from work, school or normal activities in the past two years because of health; he had never been told, treated for or sought advice for cancer, tumor or polyp; his health examination or check up in the past five years consisted of a routine physical in February, 1966 (Dr. Young, ITEK Corp. physician) on which he commented, ''no ailment, no treatment''; other than in his course of employment he had no examination or check up; during the past five

years he had no electrocardiograms, x-rays, laboratory examinations or other diagnostic tests; with respect to any condition or disease not described in the application he had never had a surgical operation, been a patient in or visited a hospital, clinic, dispensary or sanitorium for observation, examination or treatment, nor consulted or been examined or advised by any physician, nor did he have any symptons or ailments not described in the application.

**There was also evidence that** the insured's condition increased the risk of loss and that the defendant would have denied the application had it been informed of the medical history of the insured.

The plaintiff relies heavily on evidence that at the time of the application for issuance of the subject policy the plaintiff was insured under another policy issued by the defendant in 1947. This was a twenty-payment-life policy which became paid up in 1967. On *January 10, 1967* when its death benefit value was not less than $435.00 this policy was surrendered by the insured and his parents for its cash surrender value in the amount of $181.27.

The trial court's finding was as follows:

"I find that the statements of the insured in his application for the insurance policy, which is the basis of this action, were willfully false in that he denied that in the five year period prior to the application,

he had any health examination, other than a routine physical examination for employment purposes. He further denied that he had any electrocardiograms, x-rays, laboratory examinations or other diagnostic tests, that he had a surgical operation, been a patient in a hospital or consulted or been examined or advised by any physician within that period.

"I find that he had within one year of the application been admitted to the Children's Hospital in Boston on two occasions and had undergone surgery and had been subjected to various tests such as x-ray and laboratory examination.

"These false statements were not only misleading but, at least, constructively fraudulent. *Metropolitan Life Ins. Co.* v. *Burno*, 309 Mass. 7, 11.

"It is acknowledged that the evidence would support a finding that the insured was innocent of any intentional fraud. His cashing of the paid-up policy and his purchase of a relatively expensive policy are hardly consistent with an intent to defraud the insurance company. But, innocent or not, his conduct in falsely stating his medical history, did mislead the company and this statement was made willfully and was false.

"For the reasons set forth above, I find for the defendant."

Of the nine requests for ruling submitted by the plaintiff the trial court allowed seven and denied the following two:

> "2. The evidence does not warrant a finding for the defendant."

> "8. The evidence warrants a finding that the provisions of MGL c.175, s. 186 are not applicable."

The plaintiff claims to be aggrieved by the denial of these two requests.

There was no error.

Request number 2 was properly denied because the evidence did not require a finding for the plaintiff. The pivotal statute in this controversy is G.L.c. 175, § 124 which states in its entirety:

> "In any claim arising under a policy issued in the commonwealth by any life company, without previous medical examination, or without the knowledge and consent of the insured, or, if said insured is a minor, without the consent of the parent, guardian or other person having legal custody of said minor, the statements made in the application as to the age, physical condition and family history of the insured shall be held to be valid and binding on the company; but the company shall not be debarred from proving as a defense to such claim that said statements were wilfully false, fraudulent or misleading."

Notwithstanding the possible inferences from

the evidence that at the time he made the application the insured did not know he had cancer or thought he was cured and that his action in cashing in the small paid-up policy might be deemed inconsistent, nevertheless, there was ample evidence to support the trial court's conclusion that under the foregoing statute the defendant had sustained its burden of proving the insured's statements in the application "were willfully false, fraudulent or misleading."

The foregoing is determinative of the case. We do not reach the question posed by request number 8 as to whether the provisions of G.L. c. 175, § 186 are applicable. If they are applicable, as the trial court ruled, this would supply the defendant with the additional defense that the policy could be voided because the misrepresentation increased the loss. However, this is only an alternative defense. Therefore, if the provisions of § 186 are not applicable, as the plaintiff contends, the trial court's denial of the request was harmless error. The trial court's finding of facts rendered request number 8 immaterial. *Rummel* v. *Peters*, 314 Mass. 504, 518. *Connell* v. *Maynard*, 322 Mass. 245, 246. *Deutsch* v. *Ormsby*, 354 Mass. 485, 488.

Finding no error below, **the report is hereby dismissed.**

Louis A. D'Angeo
·for the Plaintiff.
William A. Ryan, Jr.
·for the Defendant.